MCMANUS *et al. v.* CRAIG, STATE TAX COLLECTOR.

(In Banc. Nov. 11, 1940. Suggestion of Error Overruled, Dec. 23, 1940.)

[198 So. 559. No. 34248.]

(1)

Wallace & Greaves, of Gulfport, and **Jacobson, Snow & Covington**, of Meridian, for appellants.

4

**May & Byrd,** of Jackson, for appellee.

Argued orally by **R. A. Wallace**, for appellants.

**Ethridge, J.**, delivered the opinion of the court.

J. B. Gully, former State Tax Collector, filed a bill in the Chancery Court of Harrison county against Eustis McManus, Chancery Clerk of the county, and the United States Fidelity & Guaranty Company, alleging that on the 1st day of January, 1932, Eustis McManus qualified as such Chancery Clerk, giving the United States Fidelity & Guaranty Company as the surety on his bond, in the penalty of $20,000 for the faithful performance of his duties as such clerk; that McManus qualified and served in that capacity for the succeeding four years; and that on the 1st of January, 1936, he again qualified as Chancery Clerk, with the same surety on his bond, again in the sum of $20,000; copies of these bonds being attached as exhibits to the bill.

The bill charged that Eustis McManus, as Chancery Clerk, was in duty bound to attend to the redemption of lands sold for taxes due the state of Mississippi, the county of Harrison, and its various subdivisions (not naming such subdivisions or taxing districts); that it was his duty to keep books and records of the office pertaining to tax sales, and the redemption of lands sold there-

under, and the collection from persons or corporations purchasing at such sales of sums of money paid therefor, together with damages, costs and interest. It is charged that the law specifically requires Chancery Clerks to collect from all redemptionists interest on the past-due and accrued taxes on the real property so sold, before canceling the tax sale, and before the redemption becomes absolute and legal, that notwithstanding the provision of the statute imposing this duty upon the clerk, Eustis McManus, for a long time neglected to collect any interest on the accrued taxes due the state of Mississippi, the county of Harrison, and the various taxing districts thereof (again not naming them), permitting large quantities of such lands to be redeemed without requiring the redemptionists to pay interest at the rate of one per cent per month.

The bill then alleged that upon an investigation being made of the record of tax sales and redemptions of lands in Harrison county, Mississippi, in the office of the Chancery Clerk, for the period from January 1, 1932, to the first Monday in January, 1936, and from that date to, and including, the first Monday in January, 1937, the complainant discovered that in violation of the requirements of the statute, and his duty thereunder, the defendant, Eustis McManus, had permitted the redemption of lands without collecting from the redemptionists the interest of one per cent on accrued taxes of the state, county, its subdivisions, excluding municipal taxes. It is alleged that from the first Monday of January, 1932, to and including the first Monday of January, 1936, the defendant permitted the redemption of lands under a number of tax sales by persons whose lands had been sold to the state, in each instance failing to collect the interest of one per cent per month on the accrued taxes on such lands. Attached to the bill as an exhibit is a statement showing the number in the release book, the person to whom such release or redemption certificate was issued, the year in which such sale was made, the amount of accrued taxes

on the lands, the rate of interest on accrued taxes, and the amount of such interest,—the total uncollected interest amounting to $11,538.62.

It was alleged that from the first Monday in January, 1936, to and including February 28, 1937, the same conditions prevailed, the amount of interest due on taxes accrued on redeemed lands amounting to $9,080.17; that demand had been made upon the defendant for the said amounts, a total of $20,618.79, upon the making of which demand the State Tax Collector was entitled to a commission of twenty per cent on the total amount, $4,123.76. The principal and commission make a total of $24,742.55, together with interest thereon at six per cent per annum from the date of each item to the date of payment. The complainant prayed for a process to issue commanding the defendant to appear at rules of the Chancery Court of Harrison county, to answer the bill, but not under oath; and for a decree in favor of the complainant for the use and benefit of the state of Mississippi, Harrison county, and the various taxing subdivisions thereof (said subdivisions not being named); and on the surety on the bond of McManus for the said sum, with interest from the date of judgment; and for such other, further and general relief as to the court might seem meet and proper.

Each of the defendants interposed a general demurrer, each containing as ground therefor the following: "1. Because the averments of fact contained in the bill of complaint wholly fail to state a right or cause of action against this defendant. 2. Because there is no equity on the face of the bill." The Chancellor overruled each of the demurrers, and granted an appeal to settle all the principles of the case.

There were no special demurrers interposed to the bill, and consequently the bill is here only on bill, and general demurrer thereto, as stated. A consideration of the bill and the general demurrers convinces us that we cannot settle all the controlling principles of the case on this appeal, and consequently the appeal was improvi-

dently granted. It is apparent that by amendments and by other pleadings other issues may arise in the case, and we cannot settle the law controlling the final disposition thereof on this appeal. Therefore, the case will be dismissed.

Appeal dismissed.