BROOM, Justice:
In a tort action for personal injuries, the appellee, Milton Ray Cook, received a jury verdict and judgment for $350,000 against the appellant, Luther McGill, Inc. in the Second Judicial District of Jones County. We reverse.
Although other issues are presented, the dispositive issue is: Was Curtis Brown the agent and servant of appellant McGill, and acting within the course and scope of his employment, at the time of the traffic accident in which Brown’s vehicle struck and injured Cook so that any negligence of Brown was imputed to McGill ?
On August 19, 1970, Brown was driving his truck west on Highway 528 in Jasper County near Heidelberg, Mississippi when a collision occurred between that truck and one driven east by appellee, Cook. The truck driven by Cook was owned by Cook’s employer, Baxter Porter & Sons Well Service. Cook testified that as they were about to meet, Brown suddenly swerved into the lane of traffic properly used by Cook for eastbound traffic. Brown’s version was that he never left his proper lane of traffic (his righthand side of the highway or that used by westbound traffic), but that Cook struck him on Cook’s left-hand side of the traveled portion of the highway. They were both injured in the collision.
*306 Cook originally filed suit in the Circuit Court of Jasper County for damages against Luther McGill, Brown, and Gulf Oil Corporation. Brown counterclaimed and trial resulted in a hung jury after which Cook non-suited. Pleadings were then recast so that Brown became plaintiff; Cook and his employer, Baxter Porter & Sons Well Service, became defendants, Baxter Porter counterclaimed against Brown for property damage to its vehicle which was driven by Cook, and trial of that action upon the recast pleadings resulted in a jury verdict for Brown on August 17, 1972, in the sum of $150,000. The suit of Cook against McGill presently before us was filed in Jones County on July 11, 1972, and two trials in that county resulted in hung juries and mistrials. After the two mistrials, a third Jones County jury found for Cook on June 4, 1973, in the sum of $350,000, and from a judgment upon that verdict this appeal followed.
Appellant, McGill, requested a directed verdict at the close of the presentation of the case of Cook, and requested a peremptory instruction at the close of all the evidence presented by both sides. In its motion for a new trial which was overruled, the appellant asserted that the earlier requests for directed verdict and peremptory instruction were erroneously denied.
I.
Uncontradicted evidence shows that at the time of the accident Brown was driving his own truck en route to his work for Gulf Oil Corporation, not McGill, at Soso. Testimony of the witness Bishop, President of McGill, without contradiction shows that Brown was not paid for his time consumed in driving to or from his work. However, Brown was (by McGill) paid or reimbursed $3 per week for traveling expenses from Brown’s home at Heidelberg to work for McGill at McGill’s business location in Laurel. For several years Brown had been an employee of McGill but contracted to work for Gulf Oil Corporation certain days of the week, and under that arrangement McGill paid all of Brown’s wages. Gulf then reimbursed McGill for the time Brown worked .for Gulf.
No testimony indicates that Brown’s time for hourly wages for work had begun before the wreck occurred or that either employer controlled or directed his actions during his travel to work. Under these circumstances, we hold that the proof fell short of establishing that Brown was acting within the scope of his employment with McGill, and, therefore, McGill was not legally chargeable with responsibility for any alleged negligence on the part of Brown in the operation of his vehicle. 53 Am.Jur.2d Master and Servant §§ 426-427 (1970); 8 Am.Jur.2d Automobiles and Highway Traffic § 635 (1963); Mississippi Power & Light Co. v. Laney, 247 Miss. 71, 154 So.2d 128 (1963); S. & W. Constr. Co. v. Bugge, 194 Miss. 822, 13 So.2d 645 (1943).
Appellee’s argument that Brown was not a servant by McGill loaned to Gulf is not effective upon the facts before us. Luther McGill, Inc. v. Clark, 244 Miss. 707, 146 So.2d 338 (1962), is relied upon by appellee but that case presented facts dissimilar to the facts here in that there an employee of a certain company on a one time basis assisted another company in moving a heavy item where the work of both companies was on the same site. See Mississippi Export Railroad v. Temple, 257 So.2d 187 (Miss.1972), for discussion of loaned servant doctrine. Our holding here is in line with the rule announced in Runnels v. Burdine, 234 Miss. 272, 106 So.2d 49 (1958), and cases cited therein; 8 Am.Jur. 2d Automobiles and Highway Traffic §§ 630, 635/637 (1963).
II.
An interesting factual aspect of the instant case is that Brown applied for and was paid Workmen’s Compensation *307 benefits by McGill’s insurance carrier on account of injuries received by him in the accident. Before the matter went to the jury, the trial judge said that except for the Workmen’s Compensation testimony he would grant appellant’s requested directed verdict. However, since it was established that McGill neither recommended, participated in, nor acquiesced in the payment of such benefits, we cannot hold that mere payment of such benefits by the carrier made McGill liable in a tort action such as is before us especially when, as here, the employer, McGill, in reporting the injury made no admission of liability, but simply reported the incident. Absent any evidence that Brown was engaged in any business for, or was in some manner acting within the scope of his employment with McGill, or any other employer, but was merely en route to work in his own vehicle when the accident occurred, the filing of Workmen’s Compensation report of injury by McGill and payment of benefits by the carrier are not to be construed as such an admission against interest as to bind Mc-Gill, the appellant, in a tort action. The logic of this rule is pointed up by the obvious fact that an insurance carrier (acting independently of its insured) might fail to comprehend applicable legal principles or misjudge such a matter and mistakenly pay Workmen’s Compensation benefits. Moreover, carriers sometimes pay Workmen’s Compensation for no reason other than to avoid the risk or expenses of litigation. As we have previously held, questions of scope of employment in Workmen’s Compensation matters are not always controlled by common law principles. I A. Larson, Workmen’s Compensation Law § 14.00 (1972). See Barry v. Sanders Co., 211 Miss. 656, 52 So.2d 493 (1951); Brookhaven Steam Laundry v. Watts, 214 Miss. 569, 55 So.2d 381, 59 So.2d 294 (1951).
Viewed in the light most favorable to Cook, and treating as true all evidence favorable to him, the uncontradicted evidence was insufficient to show that Brown was at the time of the accident acting within the scope of his employment. Therefore, the question of liability of Brown’s employer, McGill, was erroneously submitted to the jury in the lower court. We do not reach other interesting questions asserted (collateral estoppel, res judicata, and the correctness of jury instructions) inasmuch as the court finds that the appellant is entitled to a judgment here for failure of the proof to make a prima facie case against McGill.
Reversed and rendered.
RODGERS, P. J., and PATTERSON, SMTTH, ROBERTSON, SUGG and WALKER, JJ, concur.