**William L. SMITH and Clara Smith, Plaintiffs,**

**v.**

**ANDERSON–TULLEY COMPANY, T.C. Norwood, Jr., Hicks McNair, Luther T. Barber and Bechtel Power Corporation, Defendants.**

**Civ. A. No. W84–0030(B).**

United States District Court, S.D. Mississippi, W.D.

May 10, 1985.

[redacted]

John W. Prewitt, Sr., Prewitt & Courteau, Vicksburg, Miss., for plaintiffs.

Thomas M. Murphree, Jr., Watkins & Eager, Jackson, Miss., for Bechtel Power Corp.

Jerome B. Steen, T.E. Davidson, Steen, Reynolds, Dalehite & Currie, Jackson, Miss., for Luther T. Barber.

R.E. Parker, Jr., William R. Lancaster, Varner, Parker & Sessums, Vicksburg, Miss., for Anderson-Tulley Co.

Daniel J. O'Beirne, O'Beirne & Ball, Natchez, Miss., Melvin H. McFatter, Port Gibson, Miss., for T.C. Norwood and Hicks McNair.

## ORDER

BARBOUR, District Judge.

This action was filed by William L. Smith and his wife, Clara Smith, to recover for injuries received as a result of an automobile accident which occurred on Highway 61 on March 16, 1983. William Smith was a passenger in a vehicle driven by Luther T. Barber at the time of the accident. His wife has filed for her loss of consortium and related claims.

The vehicle driven by Barber collided with a vehicle driven by Hicks McNair and owned by T.C. Norwood, Jr. Smith and Barber were employed at the Grand Gulf construction project in Claiborne County, Mississippi, by Bechtel Power Corporation. Hicks McNair was employed by T.C. Norwood, Jr., who was engaged in the business of cutting and hauling timber for Anderson-Tulley Company.

Presently before this Court is the Motion of the Defendant Bechtel Power Corporation for Summary Judgment, the Motion of Norwood to limit his liability to $100,000 and exonerate him from liability for any amount above $100,000 and the Motion of the attorney for United States Fidelity & Guaranty Company representing T.C. Norwood, Jr. and Hicks McNair to withdraw as counsel, the limits of the insurance policy having been paid to the Bankruptcy Court, allegedly ending the duty of the insurance company to defend under the insurance policy. This Court will address the Motions in the order in which they are set forth above.

### I.

The basis of the Motion for Summary Judgment made by Bechtel is that Barber was not acting within the course and scope of his employment when the accident occurred causing the injuries to Smith. Accordingly, it is asserted that Bechtel may not be held vicariously liable on the basis of *respondeat superior.*

Both parties agree that Barber left work at Bechtel at 3:30 P.M. and the accident occurred at 4:00 P.M. Barber and Smith were returning home to Vicksburg. Barber was paid $6.00 per day travel expense pursuant to a union contract. (The motion of the Defendant Bechtel erroneously states that Barber was paid $6.00 per week). Bechtel submitted an employer's first report of injury or occupational disease on Barber to Travelers Insurance Company, the workmen's compensation carrier for Bechtel. Barber was paid workmen's compensation as a result of this claim.

At the time this Motion was made, Plaintiff defended the Motion largely under the theory that further discovery would reveal facts which would render this issue inappropriate for summary judgment. No supplementation of the Plaintiff's response has been forthcoming even though the Motion was filed approximately eight months ago.

The Motion of the Defendant Bechtel rests on the premise that Barber was going home from work and not being compensated for his time. He was not subject to the direction or control of his employer and the Defendant should not be held liable for his acts. The response of the Plaintiff is that Bechtel filed a workmen's compensation claim and the employee was paid $6.00 per day for travel expenses.

■ The extension of the workmen's compensation laws is not always coterminous with the related theories in tort law for *respondeat superior* purposes. *See Stepney v. Ingalls Shipbuilding Division, Litton Systems, Inc.,* 416 So.2d 963, 966 (Miss.1982) (compensation allowed under act where employee would not be in the course of his employment for *respondeat superior* purposes). The fact that a claim was filed by Bechtel indicates only that it was aware of its responsibilities under the Workmen's Compensation Act.

■ The Defendant relies on the decision of the Mississippi Supreme Court in *Luther McGill, Inc. v. Cook,* 306 So.2d 304 (Miss.1975). That lawsuit involved a factual scenario similar to the one before this Court. The Supreme Court held that as a matter of law that the proof fell short of

establishing that the employee was acting within the scope of his employment when travelling to work for another company. McGill had made arrangements to pay the employee for the work he performed for the other company. McGill was then reimbursed for such payments as were made. The employee was paid a set weekly fee for travel expenses. The employee had filed for and obtained workmen's compensation benefits arising out of the accident which occasioned the lawsuit. The Mississippi Supreme Court held that as a matter of law the evidence was insufficient to show that the employee was acting within the scope of his employment at the time of his accident, thereby subjecting McGill to vicarious liability.

While Barber in this case was compensated $6.00 per day for travel expenses, this certainly did not compensate him for his time. It is undisputed that Barber was not being paid an hourly wage at the time of the accident. It is likewise undisputed that Barber was on no special mission and was not engaged in the prosecution of his employer's work in any fashion. He was commuting to his home from work. There is no special circumstance which brings him outside the general rule that an employer is not liable for the acts of his employees going to and returning from work.

In accordance with the above it is this Court's opinion that the Plaintiff has raised no genuine issues of material fact and Bechtel should prevail with regard to the alleged vicarious liability for the injuries of the Plaintiff. Barber was not within the course and scope of his employment at the time of the accident. The Motion of Bechtel for Summary Judgment should be granted.

## II.

The second motion before this Court is the Motion of Norwood to limit his liability to $100,000.00 and exonerate him from liability for any amount above $100,000.00. This Court has reviewed the bankruptcy court's Order and the arguments of the attorneys and finds that no Order of this Court is necessary to enforce the orders of the bankruptcy court. What is before this Court is essentially an evidentiary question. It is unnecessary to enter an order limiting the liability of Norwood to effectuate the full faith and credit of the decision of the bankruptcy court. Additionally, this Court finds no precedent for granting such a limitation in a civil action of this nature. The decision of the bankruptcy court merely discharges the potential liability of Norwood in excess of the $100,000 of insurance covering this action. Accordingly, the Motion of Norwood to limit his liability or in the alternative to exonerate him from liability is denied.

## III.

With respect to the Motion of the attorney to withdraw, Daniel O'Beirne, counsel for Norwood and McNair was retained by U.S.F. & G. pursuant to its duty to defend under the policy of insurance. U.S.F. & G. is not before this Court and it is inappropriate to construe provisions of the insurance policy and the scope of the duty to defend absent a lawsuit which contains this as an issue. The issue in this lawsuit is the liability, if any, of Norwood and McNair for injuries sustained by Smith and other related claims. This lawsuit is not the appropriate forum for the determination of the scope of the duty U.S.F. & G. has to defend this lawsuit.

Mr. O'Beirne by his Motion to Withdraw does bring this Court to the question of the ethical obligation he owes to his clients, Norwood and McNair. It is the determination of this Court that Mr. O'Beirne should not be allowed to withdraw without their consent or a *valid* and compelling reason for this Court to allow such withdrawal over their objection. The obligation of an attorney to defend his client is one of the paramount obligations undertaken in the attorney-client relationship. Canon 2 of the Code of Professional Responsibility provides that "A lawyer should assist the legal profession in fulfilling its duty to make legal counsel available." Canon 5 of the Code of Professional

Responsibility provides that "A lawyer should exercise independent professional judgment on behalf of a client." Likewise, Canon 7 of the Code of Professional Responsibility is that "A lawyer should represent a client zealously within the bounds of the law." Once these duties have been undertaken, an attorney may not be relieved of his duty without compelling reasons. Additionally, any conflicts should be completely disclosed to the client. An attorney retained by an insurance carrier to defend an insured represents the insured. *See generally,* Mallen, *Professional Responsibility of Insurance Counsel,* 1984 **Mississippi Law Institute on Insurance Law and Practice 33.** It is inappropriate for the Court to permit Mr. O'Beirne to withdraw at this juncture on the basis that the duty to defend of the insurer may have ended. The question of whether or not Mr. O'Beirne may withdraw is independent of and distinct from the obligation of U.S.F. & G. to defend. In reaching this decision this Court is aware that the underlying dispute between the insurer and the insured as to who bears responsibility for Mr. O'Beirne's fees remains unresolved.

In accordance with the above it is the decision of this Court that the Motion of counsel for Norwood and McNair to withdraw is denied. The Court in making these remarks does not intend to indicate that it feels that Mr. O'Beirne has acted in an unethical manner. Mr. O'Beirne is faced with a dilemma not infrequently presented to insurance counsel. The Court is simply recognizing that the ethical as opposed to financial aspects of the dilemma should be of paramount consideration.

In summary, the Motion for Summary Judgment on behalf of the Defendant Bechtel Power Corporation is granted. A judgment consistent with this Opinion shall be entered by separate document consistent with Rule 58 of the Federal Rules of Civil Procedure. The Motion of the Defendant Norwood to limit his liability or to exonerate him for any liability in excess of the $100,000.00 tendered to the bankruptcy court is denied. The Motion of Daniel O'Beirne to Withdraw as Counsel for Norwood and McNair is denied.