**Kathleen GIBBS, as Administratrix of the Estate of Charles Vieira, et al.**

**v.**

**Mary Ann LAPPIES, et al.**

**Civ. No. 92–159–M.**

United States District Court,
D. New Hampshire.

Aug. 10, 1993.

Steven M. Gordon, Concord, NH, Michael D. Weisman, Boston, MA, for plaintiffs.

Garry R. Lane, Concord, NH, for defendants.

### ORDER

McAULIFFE, District Judge.

Ransmeier & Spellman, P.A., represent defendant Mary Ann Lappies and her business, Ballooning Adventures, in this personal injury case. The firm was retained by Avalon Insurance Company, Ltd. ("Avalon"), to provide a defense under a liability insurance policy purchased by Ms. Lappies. Because Avalon is delinquent in paying Ransmeier & Spellman's legal fees, the firm moves to with-

draw as counsel. The pleadings suggest that Avalon may be insolvent and is currently unable to pay legal fees owed to Ransmeier & Spellman. The law firm also asserts that Ms. Lappies (and through her, Ballooning Adventures) is unprepared to pay those outstanding fees.

Plaintiffs' suit alleges that Mary Ann Lappies, as pilot in command of a hot air balloon, negligently landed the balloon too close to power lines and failed to prevent contact with those lines. As a result, one person was fatally electrocuted and two were seriously injured.

Plaintiffs object to Ransmeier & Spellman's motion to withdraw on grounds that unavoidable delay, occasioned by the absence of substitute counsel ready to try this case as scheduled in October, will substantially prejudice their ability to fully recover, especially given the insurance carrier's apparent financial instability. Defendant Lappies has been advised by Ransmeier & Spellman of their position and she is aware of the motion to withdraw, but she has not consented.

That Ransmeier & Spellman has filed a motion to withdraw under these circumstances is entirely understandable, but, as explained below, their motion cannot be granted.

■ When an attorney is retained by an insurance company to provide a defense under a liability policy, the attorney's client is the insured, not the insurer. *Smith v. Anderson–Tulley Co.*, 608 F.Supp. 1143, 1147 (S.D.Miss.1985) (citing Mallen, *Professional Responsibility of Insurance Counsel* 1984), *aff'd without opinion*, 846 F.2d 751 (5th Cir. 1988); *See also Turzio v. Ravenhall*, 34 Misc.2d 17, 227 N.Y.S.2d 103 (N.Y.1962); 7C J. Appleman, Insurance Law and Practice, § 4681, at 9 (1979). Here, Ransmeier & Spellman's clients are Mary Ann Lappies and Ballooning Adventures, not Avalon.

■ Of course, an attorney's professional obligations extend beyond his or her clients to the court:

An attorney who agrees to represent a client in a court proceeding assumes a responsibility to the court as well as to the client.... The professional relationship, as well as the decision to dissolve it, must be guided, and in some instances is governed by, the court's rules of professional conduct and by the canons and rules of the legal profession applicable to the members of the Bar admitted to practice before the court.

*Hammond v. T.J. Little & Co.*, 809 F.Supp. 156, 159 (D.Mass.1992).

Attorneys practicing before this Court are bound by the standards of conduct governing members of the New Hampshire Bar Association. United States District Court for the District of New Hampshire, Local Rule 4(d) (hereinafter "L.R., D.N.H."). Those standards of conduct are set forth in the New Hampshire Rules of Professional Conduct, which provide, in pertinent part:

(b) Except as stated in paragraph (c), *a lawyer may withdraw from representing a client if* withdrawal can be accomplished without material adverse effect on the interests of the client, or if:

\* \* \*

(4) *the client fails substantially to fulfill an obligation to the lawyer regarding the lawyer's services* and has been given reasonable warning that the lawyer will withdraw unless the obligation is fulfilled, provided that a lawyer shall not withdraw from employment until he has taken reasonable steps to avoid foreseeable prejudice to the rights of the client, including giving due notice to his client, allowing time for employment of other counsel, delivering to the client all papers and property to which the client is entitled in complying with applicable rules and laws;

(5) the representation will result in *an unreasonable financial burden on the lawyer* or has been rendered unreasonably difficult by the client; or

(6) other good cause for withdrawal exists.

(c) When ordered to do so by a tribunal, a lawyer shall continue representation notwithstanding good cause for terminating the representation.

New Hampshire Rules of Professional Conduct, Rule 1.16(b), (c) (emphasis added).

As the record stands, it is clear that Mary Ann Lappies, the insured/client, has not substantially failed to fulfill any obligation she owes to Ransmeier & Spellman regarding their services. She bought a policy of insurance from Avalon, presumably paid premiums, and has no doubt fully cooperated in her own defense. It is Avalon, not Ms. Lappies, who owes the firm legal fees for this defense.

The financial risk assumed by Ransmeier & Spellman was that Avalon would fail to pay its fees. While it is probably not the customary practice when law firms perform work for insurance companies, still, the firm could have required an adequate retainer as a condition to appearing on the insured's behalf, thereby protecting itself against the risk of non-payment. In any event, it does not follow that Avalon's failure or inability to pay fees necessarily entitles defense counsel to abandon its own professional obligations to the defendant insureds. Having undertaken the defense, an attorney's withdrawal over the client's objection can be allowed only for "a valid and compelling reason." *Woodall v. Drake Hotel, Inc.*, 913 F.2d 447, 449 (7th Cir.1990); *Anderson–Tulley Co.*, 608 F.Supp. at 1146. In the absence of Ms. Lappies' express and informed consent to the withdrawal, her objection is presumed.

Withdrawal would have a decidedly adverse effect on the defendants' interests in this case. It would delay trial, further jeopardizing their prospects for obtaining full coverage for any liability imposed. Defendants would then be required to either appear *pro se*, or seek substitute counsel at their own expense. Successor counsel would undoubtedly be required to duplicate much of the preparation already accomplished by Ransmeier & Spellman.

The firm's motion does not assert that continued representation of Lappies would pose an "unreasonable" financial burden on it, N.H. Rules of Prof.Conduct, Rule 1.16(b)(5), and such an assertion by an experienced and successful law firm would ordinarily be difficult to maintain, at least in a case like this. No other good cause for withdrawal has been shown to exist.

The rules of this Court require leave to withdraw when a case has been pre-tried and a trial date has been set. LR, D.N.H. 6(d). Both conditions exist here. Given that withdrawal at this stage, three months before trial, would make continuance unavoidable, risking prejudice to both plaintiffs and defendants, and would undermine the Court's efforts to schedule this case for expedited resolution, and that no adequate basis for withdrawal has been established, the motion must be denied.

Like counsel in *Anderson–Tulley Co., supra*, Ransmeier & Spellman faces an unfortunate dilemma occasionally presented to insurance defense counsel. And, like Judge Barbour, this Court recognizes the difficult position defense counsel find themselves in, and fully appreciates the legitimate concern underlying their motion. But, in denying the motion to withdraw, it also necessarily recognizes "that the ethical as opposed to financial aspects of the dilemma should be of paramount concern." *Anderson–Tulley*, 608 F.Supp. at 1147.

Accordingly, Ransmeier & Spellman's motion for leave to withdraw (document no. 16) is denied.

SO ORDERED.