# IN THE COURT OF APPEALS OF THE STATE OF MISSISSIPPI

## NO. 2021-CA-00544-COA

| | |
|---|---|
| **VALERIE TERPENING, INDIVIDUALLY, AND AS GUARDIAN AND NEXT FRIEND OF D.L., A MINOR, AND AS ADMINISTRATRIX OF THE ESTATE OF GINGER CALLEGAN, DECEASED, AND ON BEHALF OF ALL WRONGFUL DEATH BENEFICIARIES** | **APPELLANT** |

v.

| | |
|---|---|
| **F.L. CRANE & SONS, INC.** | **APPELLEE** |

DATE OF JUDGMENT:                05/04/2021
TRIAL JUDGE:                            HON. DALE HARKEY
COURT FROM WHICH APPEALED:   JACKSON COUNTY CIRCUIT COURT
ATTORNEYS FOR APPELLANT:      COURTNEY PARKER WILSON
                                               DOUGLAS LAMONT TYNES JR.
ATTORNEYS FOR APPELLEE:        CODY CAROL BAILEY
                                               ALSTON FRANK LUDWIG
NATURE OF THE CASE:               CIVIL - PERSONAL INJURY
DISPOSITION:                          AFFIRMED - 08/02/2022
MOTION FOR REHEARING FILED:
MANDATE ISSUED:

**BEFORE CARLTON, P.J. GREENLEE AND McCARTY, JJ.**

**GREENLEE, J., FOR THE COURT:**

¶1.     In this appeal concerning an action for wrongful death, we must determine whether

the Jackson County Circuit Court erred by granting F.L. Crane & Sons Inc.'s motion for

summary judgment. Finding no error, we affirm.

## FACTS AND PROCEDURAL HISTORY

¶2.     Since May 2017, Levi Hill had been employed by F.L. Crane & Sons Inc. ("F.L.

Crane") as a helper. His duties consisted of moving equipment or supplies on the jobsite,

installing ceiling tile, hanging sheetrock, and cleaning up. During the week of the accident, Hill's duties consisted of helping F.L. Crane's foreman with the layout in preparation for framing that was to be performed at a construction site in Pensacola, Florida. He laid down chalk lines and placed measurements for the location of the building's walls. Hill was not assigned any other job responsibilities.

¶3. On February 19, 2018, Hill traveled from his home in George County, Mississippi, to the jobsite in Pensacola, Florida. Hill drove a white Ford F-150 pickup truck that his parents had purchased from F.L. Crane. Hill's parents owned the vehicle. F.L. Crane provided a hotel room for Hill to stay in for the week. F.L. Crane also provided Hill with a twenty-dollar per diem to cover his meal expenses. F.L. Crane did not pay Hill for his travel to or from the jobsite, nor was he reimbursed for gas or mileage.

¶4. On February 23, 2018, after completing his work, Hill clocked out of work at 2:00 p.m. and headed home to George County. Around 4:06 p.m., Hill's vehicle crossed over and collided with a vehicle driven by Ginger Callegan in the southbound lane of Highway 57 in Jackson County, Mississippi. Hill suffered a broken leg, and Callegan died as a result of her injuries from the accident.

¶5. Valerie Terpening, individually, and as guardian of D.L. (a minor), as administratrix of the Estate of Callegan, and on behalf of all wrongful death beneficiaries (collectively "Terpening"), filed a complaint against F.L. Crane and Hill on February 7, 2020. Terpening asserted claims for negligence, negligence per se, respondeat superior, negligent employment/negligent entrustment, and punitive damages. Terpening claimed that Hill was

2

an employee or agent of F.L. Crane and was operating his employer's vehicle within the scope of his employment or agency at the time of the accident. In March 2020, F.L. Crane filed an answer with affirmative defenses, and Hill answered shortly afterward in April 2020. Both F.L. Crane and Terpening deposed Hill on August 18, 2020.

¶6. On October 23, 2020, F.L. Crane filed a motion for summary judgment. The motion asserted that Hill, while driving home in a personal vehicle, was not acting within the course and scope of his employment at the time of the accident. The motion further asserted that as a matter of law under Mississippi's "going and coming" rule, F.L. Crane could not be held vicariously liable for Hill's actions. As to Terpening's claims of negligent employment and entrustment, F.L. Crane argued that those claims also failed because Hill was not on F.L. Crane's premises and was not driving a F.L. Crane vehicle at the time of the accident.

¶7. Terpening filed a response in opposition on December 1, 2020. F.L. Crane then filed its reply in support of its motion for summary judgment. The matter was heard on January 29, 2021. The circuit court agreed with F.L. Crane and granted summary judgment in its favor. The court then entered an order certifying the summary judgment in F.L. Crane's favor as final, determining no just reason for delay existed. M.R.C.P. 54(b). Terpening now appeals, claiming that the circuit court erred by failing to analyze or rule on the applicability of the traveling-employee doctrine and in granting summary judgment in favor of F.L. Crane.

## STANDARD OF REVIEW

¶8. A circuit court's grant or denial of summary judgment is reviewed de novo. *Methodist Healthcare-Olive Branch Hosp. v. McNutt*, 323 So. 3d 1051, 1055 (¶10) (Miss. 2021) (citing

3

*Venture Inc. v. Harris*, 307 So. 3d 427, 431 (¶11) (Miss. 2020)). "Summary judgment is appropriate when 'the pleadings, depositions, answers to interrogatories and admissions on file, together with the affidavits, if any show that there is no genuine issue [as to] any material fact and that the moving party is entitled to a judgment as a matter of law.'" *Id*. (quoting M.R.C.P.56(c)). "All evidence will be viewed in the light most favorable to the nonmoving party." *Id*. (quoting *Miss. Baptist Med. Ctr. Inc. v. Phelps*, 254 So. 3d 843, 845 (¶5) (Miss. 2018)).

## DISCUSSION

### I.      Whether F.L. Crane was vicariously liable for Hill's actions.

#### a.      The "Going and Coming" Rule

¶9.    "[T]he doctrine of respondeat superior, from which vicarious liability is derived, . . . specifically applies to an employer-employee relationship and holds employers liable in tort for the negligent actions of their employees, taken on behalf of the employer while in the course and scope of their employment." *Cooper v. Sea West Mechanical Inc.*, 219 So. 3d 550, 553 (¶11) (Miss. Ct. App. 2017) (quoting *Thomas v. Cook*, 170 So. 3d 1254, 1259 (¶21) (Miss. Ct. App. 2015)). "The doctrine of respondeat superior has its basis in the fact that the employer has the right to supervise and direct the performance of the work by his employe[e] in all its details, and this right carries with it the correlative obligation to see to it that no torts shall be committed by the employe[e] in the course of the performance of the character of work which the employe[e] was appointed to do." *Mar-Jac Poultry MS LLC v. Love*, 283 So. 3d 34, 37 (¶11) (Miss. 2019) (quoting *White's Lumber & Supply Co. v. Collins*, 186 Miss.

659, 191 So. 105, 107 (1939)). However, an employer is not liable for an employee's tortious actions where the employee is not acting in furtherance of the employer's interests. *See Gulledge v. Shaw*, 880 So. 2d 288, 295 (¶18) (Miss. 2004). "In determining whether an employee is acting within the scope of his employment, the proper question to ask is, "[W]as he at the time doing any act in furtherance of his master['s] business?" *Cooper*, 219 So. 3d at 553 (¶11) (quoting *Holliday v. Pizza Inn Inc.*, 659 So. 2d 860, 864 (Miss. 1995)).

¶10.    F.L. Crane argues that under the "going and coming" rule, because Hill was driving home from work at the time of the accident, he was not acting in furtherance of F.L. Crane's business; instead, he was acting outside the course and scope of his employment. On the other hand, Terpening argues that Mississippi's "going and coming" rule is inapplicable because Hill traveled home on a weekly basis as opposed to a daily basis. Terpening further argues that the circuit court failed to analyze her argument or make a finding as to whether Hill was a traveling employee or an employee making his daily commute.

¶11.    Under the "going and coming" rule,[1] "[i]t is a general rule that an employer is not liable for the acts of his employees going to and returning from work." *Colvin v. Ellis Const. Co. Inc.*, 840 F. Supp. 59, 62 (N.D. Miss. 1993) (citing *Smith v. Anderson-Tulley Co.*, 608 F. Supp. 1143, 1146 (S.D. Miss. 1985)). Our supreme court has long held that "it is the business of the employee to present himself at the place of employment, and the relation of master and servant does not exist while he is going between his home and his place of employment." *Mar-Jac Poultry*, 283 So. 3d at 41 (¶19) (quoting *Brown v. Bond*, 190 Miss.

---

[1] "Going and coming" is used as addressed by the parties.

5

774, 1 So. 2d 794, 799 (1941)).

¶12.    The circuit court granted F.L. Crane's motion for summary judgment, finding that Hill was not acting in the course and scope of his employment with F.L. Crane when the accident occurred. We agree. On the day of the accident, Hill clocked out of work at 2 p.m. After clocking out, Hill drove home in his parents' vehicle, not a company vehicle. F.L. Crane did not reimburse him for mileage, the accident occurred on a route that Hill chose (not F.L. Crane), and he did not perform any further duties for F.L. Crane.

¶13.    Terpening contends that since Hill traveled home on a weekly basis, Mississippi's "going and coming" rule is inapplicable. According to Terpening, Hill was a traveling employee who was traveling on a business trip. She cites several cases in an attempt to show a time distinction in Mississippi caselaw regarding duration or frequency of an employee's commute under Mississippi's "going and coming" rule. As previously mentioned, "[i]n determining whether an employee is acting within the scope of his employment, the proper question to ask is, "[W]as he at the time doing any act in furtherance of his master['s] business?" *Cooper*, 219 So. 3d at 553 (¶11) (quoting *Holliday*, 659 So. 2d at 864 (Miss. 1995)). The question is not based on the duration or length of the commute. *See Id.* at 553; *see also Luther McGill Inc. v. Cook*, 306 So. 2d 304, 306-07 (Miss. 1975).

¶14.    As to Terpening's argument that the circuit court did not analyze whether Hill was a traveling employee, we disagree. In its judgment the circuit court noted, "[T]he Plaintiffs claimed that Hill was acting in the course and scope of his employment[,] and the "going and coming rule" is inapplicable as Hill was a traveling employee." The court stated:

> Under F.L. Crane's travel policy, employees traveling out of town and staying overnight are entitled to minimum wage compensation for their travel time when the employee travels during normal working hours on non-work days (Saturdays or Sundays) or when the employee stays out of town for two or more consecutive weeks on the job. F.L. Crane claimed that neither of these circumstances applied to Hill. F.L. Crane asserted that Hill was not entitled to nor did he receive payment for his commute to or from the Florida jobsite, and a copy of his time sheet and check stub were submitted.

The court then found that pursuant to F.L. Crane's travel policy, Hill was not being paid for his travel time, nor was he reimbursed for his mileage and that Hill was not acting in the course and scope of his employment with F.L. Crane when the accident occurred. There is simply no indication that the circuit court failed to consider Terpening's argument.

¶15. We find that the circuit court did not err when it found that Hill was not acting within the course and scope of his employment at the time of the accident, and that the legal reasoning of the "going and coming" rule was applicable.

### b. The "Traveling Employee" Doctrine

¶16. As stated, Terpening argues that the "going and coming" rule is inapplicable and that as a traveling employee, Hill was acting within the course and scope of his employment at the time of the accident. The traveling-employee analysis has only been applied in workers' compensation cases. *See Sims v. Delta Fuel*, 308 So. 3d 859, 863-64 (¶18) (Miss. Ct. App. 2020), *cert. denied*, 302 So. 3d 645 (Miss. 2020); *Choctaw Resort Dev. Enter. v. Applequist*, 161 So. 3d 1134, 1140 (¶17) (Miss. Ct. App. 2015); *King v. Norrell Servs. Inc.*, 820 So. 2d 692, 694 (¶16) (Miss. Ct. App. 2000); *E & M Motel Mgt. Inc.*, 231 So. 2d 179, 184 (Miss. 1970); *Bryan Bros. Packing Co. v. Murrah's Dependents*, 234 Miss. 494, 106 So. 2d 675, 678 (1958); *M.E. Badon Refrigeration Co. v. Badon*, 231 Miss. 113, 95 So. 2d 114, 123

(1957). A "traveling employee" is "an employee whose work takes him away from the employer's premises," *Sims*, 308 So. 3d at 863-864 (¶18), or "one who goes on a trip to further the business interests of his or her employer such as a traveling salesman or a person attending a business conference for the benefit of his employer," *Bouldin v. Miss. Dep't of Health*, 1 So. 3d 890, 895 (¶11) (Miss. Ct. App. 2008). A traveling employee also could be "an employee for whom travel is an integral part of their job." *Lambert v. Energy Drilling Co.*, 313 So. 3d 518, 521 (¶10) (Miss. Ct. App. 2021). "The traveling employee differs from the ordinary commuter and by virtue of their employment are exposed to greater risks than those encountered by the traveling populace. Therefore, a traveling employee's travel is deemed a work related risk." *Id*. (quoting *King*, 820 So. 2d at 694 (¶6)).

¶17.    Terpening repeatedly asserts that Hill was not an ordinary daily commuter, that Hill was on a business trip for F.L. Crane, and that he remained in the course of his employment during his return from the business trip. Terpening cites several cases to support her contentions that Hill was a traveling employee; however, she admits that the cases she cites were developed in a worker's compensation context. She further cites cases from other states that have considered guidance from this worker's compensation law doctrine in the development of tort law.

¶18.    Our supreme court has explained the difference between vicarious liability cases and workers' compensation cases, stating:

> The 'servant' concept at common law performed one main function: to delimit the scope of a master's vicarious tort liability. By contrast, compensation law is concerned not with injuries *by* the employee in his detailed activities, but with injuries *to* him as a result not only of his own activities (controlled by the

8

employer as to details) but of those co-employees, independent contractors and other third persons (some controlled by the employer, and others not).

*Sones v. S. Lumber Co.*, 215 Miss. 148, 60 So. 2d 582, 584 (1952) (emphasis added). We note that our law differentiates between injuries caused by an employee and injuries incurred by an employee.

¶19. Furthermore, decisions from other states are merely useful for persuasion, and dicta has no precedential value whatsoever. The Mississippi Supreme Court has held that the court is "not bound by the decisions of courts of other jurisdictions on similar questions." *Paz v. Brush Engineered Materials Inc.*, 949 So. 2d 1, 7 (¶19) (Miss. 2007) (citing *Griffith v. Gulf Ref. Co.*, 215 Miss. 15, 61 So. 2d 306, 307 (1952)). Our supreme court has further stated that "[w]hile the [c]ourt may utilize these decisions as persuasive authority if it finds them well-reasoned, the decisions are not binding, and the [c]ourt is at perfect liberty to disregard them." *Id*.

¶20. We need not survey other states to reach a conclusion on this matter. "[T]he doctrine of respondeat superior, from which vicarious liability is derived, . . . specifically applies to an employer-employee relationship and holds employers liable in tort for the negligent actions of their employees, taken on behalf of the employer while in the course and scope of their employment." *Cooper*, 219 So. 3d at 553 (¶11) (quoting *Thomas*, 170 So. 3d at 1259 (¶21)). Considering Mississippi law, this Court finds that we are under no obligation to follow precedent of another jurisdiction. The circuit court based its decision upon similar past rulings of this Court, and it did not err by declining to apply the traveling employee doctrine outside of the realm of workers compensation.

**II. Whether the circuit court erred by granting F.L. Crane's motion for summary judgment.**

¶21.    Terpening argues that the circuit court's ruling, as a matter of law, that Hill was not acting in the course and scope of his employment with F.L. Crane when the accident occurred was improper. Specifically, she argues that the question only becomes a question of law where there is no conflict in the facts; and according to her, material questions of fact existed. *See Lovett Motor Co. v. Walley*, 217 Miss. 384, 64 So. 2d 370, 372 (1953).

¶22.    First, Terpening contends that Hill was entitled to compensation for his travel under F.L. Crane's travel/commuting policy. Under the policy, employees traveling out of town and staying overnight were entitled to minimum wage compensation for their traveled time when (1) an employee travels during normal working hours on non-work days (i.e., 8:00 a.m. to 5:00 p.m. on Saturdays or Sundays); or when (2) an employee (as driver or rider) stayed out of town for two or more consecutive weeks on the job. F.L. Crane argued and the circuit court agreed that neither of the policies applied to Hill under the facts of the case. Now on appeal, Terpening argues that this represents a question of fact—does the policy apply to Hill entitling him to compensation for his travel time or does it not? According to Terpening, a reasonable juror could certainly find that Hill's six weeks of travel from Mississippi to Florida and back fulfilled F.L. Crane's policy. *See Loper v. Yazoo & M.V.R. Co.*, 166 Miss. 79, 145 So. 743, 744 (1933) (Where evidence "is conflict[ing] . . . or more than one reasonable inference can be drawn therefrom, the question is for the jury.").

¶23.    However, there is no conflicting evidence here and no other reasonable inference can be drawn on the facts presented. The record establishes that Hill did not drive to or from the

10

jobsite on a non-work day, and he had not been at the jobsite for two consecutive weeks. Therefore, under F.L. Crane's travel policy, Hill was not entitled to compensation for his travel, nor did he receive any. Accordingly, no genuine issue of material fact exists.

¶24.    Terpening further argues that whether or not Hill was entitled to compensation will also weigh on whether Hill was acting within the course and scope of his employment at the time of the accident, thus determining vicarious liability. Our supreme court has adopted the articulation of the scope of employment in Restatement (Second) of Agency section 228 (1958):

> (1) Conduct of a servant is within the scope of employment if, but only if:
>
>> (a) it is of the kind he is employed to perform;
>>
>> (b) it occurs substantially within the authorized time and space limits;
>>
>> (c) it is actuated, at least in part, by a purpose to serve the master, and
>>
>> (d) if force is intentionally used by the servant against another,
>> the use of force is not unexpectable by the master.
>
> (2) Conduct of a servant is not within the scope of employment if it is different
> in kind from that authorized, far beyond the authorized time or space limits, or
> too little actuated by a purpose to serve the master.

*RGH Enters. Inc. v. Ghafarianpoor*, 329 So. 3d 447, 449 (¶9) (Miss. 2021) (quoting *Com. Bank v. Hearn*, 923 So. 2d 202, 208 (¶18) (Miss. 2006)). Essentially, Terpening claims that the facts meet all the requirements under the Second Restatement of Agency. According to Terpening, Hill's weekly travel represented conduct "of the kind" that Hill was employed to perform for F.L. Crane; he was paid a per diem for his time out of town; and he was entitled to compensation for his travel time. Additionally, she claims that the wreck occurred within

11

the authorized time and space limits—traveling home to George County on Friday afternoon. She also claims that Hill's travel was "actuated by a purpose to serve the master" since the only reason Hill was traveling to Florida and back was his work with F.L. Crane.

¶25. Contrary to Terpening's arguments, Hill's conduct at the time of the accident was not "of the kind" that Hill was employed to perform. Hill was employed as a helper, not a driver. During the week of the accident, Hill's duties consisted of helping F.L. Crane's foreman with the layout work in preparation for framing that was to be performed at the construction site in Florida. He made chalk lines and placed measurements for the location of the building's walls. Hill was not assigned any other job responsibilities. Further, the per diem that Hill received was to cover the cost of his meals. We discussed above that Hill was not entitled to compensation for his travel time and that he clocked out from work at 2:00 p.m. and performed no further duties for F.L. Crane. Therefore, Hill's drive home served no benefit or drove any mission or objective on behalf of F.L. Crane.

¶26. Despite Terpening's arguments, no genuine issue of material fact exists. The circuit court did not err when it determined, as a matter of law, that Hill was not acting in the course and scope of his employment. Accordingly, we affirm the circuit court's decision to grant summary judgment in favor of F.L. Crane.

## CONCLUSION

¶27. Terpening's arguments fall short in her asserting that F. L. Crane's motion for summary judgment was improperly granted. Hill was unquestionably driving his parents' vehicle, and not F.L. Crane's, at the time of the incident. He was driving home and did not

12

perform any further duties for F.L. Crane that would render him working in the course and scope of his employment. Therefore, there are no genuine issues to be tried. We affirm the circuit court's grant of summary judgment in favor of F.L. Crane.

¶28.   **AFFIRMED.**

**BARNES, C.J., CARLTON AND WILSON, P.JJ., WESTBROOKS, McDONALD, LAWRENCE, McCARTY, SMITH AND EMFINGER, JJ., CONCUR.**