Barbaras JEFFERSON, Plaintiff-
Appellee,

v.

T. L. JAMES & COMPANY, Inc.,
Defendant-Appellant.

No. 27474.

United States Court of Appeals
Fifth Circuit.

Dec. 9, 1969.

W. Scott Welch, III, Roger C. Landrum, Jackson, Miss., for appellant-defendant; Butler, Snow, O'Mara, Stevens & Cannada, Jackson, Miss., of counsel.

Paul G. Swartzfager, John L. Jeffries, Laurel, Miss., for plaintiff-appellee.

Before BROWN, Chief Judge, JONES and CARSWELL, Circuit Judges.

JONES, Circuit Judge:

T. L. James & Company, Inc., hereafter called James, was engaged in the construction of an interstate highway in Clarke County, Mississippi. Employed by it and engaged in the construction work was Barbaras Jefferson. He and other employees were to be at the construction site and ready to work at six o'clock in the morning. About a mile from the place where the work was being done and on a portion of the highway under construction and under the control of James, one of James' trucks was parked for the purpose of carrying the employees to the site of the work. About 5:30 on the morning of November 30, 1966, Jefferson drove up in his car

to a place at the side of the constructed portion of the highway, intending to leave his car there until the end of the workday. He planned to get on the truck before it departed, shortly before six o'clock, for the site of the work. As he drove up, a state highway inspector drove up on the other side of the highway and from the direction opposite to that from which Jefferson had arrived. His car struck the rear of the truck, which was unlighted and which projected out onto the highway. The highway inspector's car careened across the road and crashed into Jefferson's car just as he had stopped and before he had turned off the ignition switch in his car or turned out his lights. Jefferson was injured. He brought an action against James in a Mississippi state court, asserting that his injury resulted from James' negligence in leaving its truck projecting onto the highway and without lights. James removed the case to the United States District Court on the ground of diversity of citizenship. As defenses, it asserted that it was free from negligence, that Jefferson was guilty of contributory negligence and assumed the risk, and that he was restricted in his recovery to benefits under the Mississippi workmen's compensation law.

The Mississippi workmen's compensation law provides, among other things, that:

"Compensation shall be payable for disability or death of an employee from injury arising out of and in the course of employment * * *.

* * * * * *

"The liability of an employer to pay compensation shall be exclusive and in place of all other liability of such employer to the employee * * * on account of such injury or death * * *." 5A Mississippi Code of 1942, Annotated, §§ 6998–04 to 6998–05 (Recomp.1952).

The case was tried to the court without a jury. The district court found that James was negligent, that Jefferson was free from negligence, and that the workmen's compensation law was inapplicable. Judgment for Jefferson against James in the amount of $17,500 was entered and the cause is before us on appeal from that judgment.

James contends on this appeal that the district court was in error in its holding that Jefferson was free from negligence. There is no merit in this claim and it requires no discussion. The principal ground urged for reversal is that the workmen's compensation law provided the exclusive remedy available to Jefferson as redress for his injuries.

▇ It is held by the courts of Mississippi, as well as by the courts of other jurisdictions, that an injury arises out of employment if and only if there is a causal connection between such injury and the conditions under which the work is required to be performed. Brookhaven Steam Laundry v. Watts, 214 Miss. 569, 59 So.2d 294. Although the mere presence of the employee on the premises where the work is to be performed is not enough to establish the required causal connection, it would be difficult to sustain, in this case, a determination that there was no causal connection between employment and injury in view of the fact that the truck of James was such a prominent link in the chain of causation. The projection of the unlighted truck unto the highway was, as it was held to be, actionable negligence.

▇ In order that the workmen's compensation law apply, it is necessary under the Mississippi law that the injury be one arising in the course of employment as well as arising out of it.

The rules applicable to determine whether an injury arises in the course of employment are thus stated in American Jurisprudence:

"The phrase 'in the course of the employment,' as used in compensation acts in reference to the relation of the injury to the employment in respect of the time and place of its occurrence, is usually given the common-law mean-

ing thereof, or of the substantially equivalent phrase 'scope of the employment,' as used in the law of master and servant, in the absence of other language requiring that it be given a different meaning. Accordingly, it may be stated as a very general proposition that an injury occurs 'in the course of' the employment when it takes place within the period of the employment, at a place where the employee reasonably may be in the performance of his duties, and while he is fulfilling those duties or engaged in doing something incidental thereto, or, as sometimes stated, where he is engaged in the furtherance of the employer's business." 58 Am.Jur. 720–21, Workmen's Compensation, § 212.

The same rules in different phrasing are set forth by Larson in this language:

"An injury is said to arise in the course of the employment when it takes place within the period of the employment, at a place where the employee reasonably may be, and while he is fulfilling his duties or engaged in doing something incidental thereto.

"The course of employment requirement tests work-connection as to time, place and activity; that is, it demands that the injury be shown to have arisen within the time and space boundaries of the employment, and in the course of an activity whose purpose is related to the employment." 1 Larson, Workmen's Compensation Law § 14.00.

These rules have been approved by the Supreme Court of Mississippi. Bivens v. Young Drilling Co., 251 Miss. 261, 169 So.2d 446; Persons v. Stokes, 222 Miss. 479, 76 So.2d 517.

■ The district court determined that the arrival of Jefferson thirty minutes before he was to begin work was unnecessary. Implicit in the court's statement is the determination that the injury did not arise in the course of employment and hence the workmen's compensation law did not apply. We cannot say that this determination was erroneous and so the judgment of the district court will be affirmed.

The district court did not make any determination as to whether the place of Jefferson's injury was a place of his employment, nor did it determine whether the circumstance and activity were within the scope of employment. Having decided the question by its determination with respect to the time element, the district court did not, we assume, regard it necessary to reach the other elements which might have been considered if relevant. We do not disagree. The judgment of the district court is

Affirmed.