820 So.2d 692 (2000)
Natasha KING, Appellant,
v.
NORRELL SERVICES, INC. and Continental Casualty Company, Appellees.
No. 1999-WC-02041-COA.
Court of Appeals of Mississippi.
August 1, 2000.
Rehearing Denied October 31, 2000.
Certiorari Denied January 18, 2001.
*693 Stephen L. Henning, Batesville, Attorney For Appellant.
Dennis W. Voge, Tupelo, Attorney For Appellees.
BEFORE McMILLIN, C.J., LEE, AND THOMAS, JJ.
LEE, J., for the Court:
¶ 1. Natasha King sustained an injury while driving home to Batesville, Mississippi from Oxford Wire and Cable Company in Oxford, Mississippi, where she was temporarily employed. The administrative law judge (ALJ) found that King's commute home did not arise out of and in the course of her employment. The Full Commission of the Workers' Compensation Commission affirmed. King appealed the order of the Commission to the Panola County Circuit Court, which affirmed the *694 Full Commission. Aggrieved, King appeals to this Court arguing that the circuit court erred in not holding that she was a traveling employee. Finding no error, we affirm.

FACTS
¶ 2. King was employed as a temporary worker by Norrell Services in Batesville, Mississippi. On October 21, 1996, King was placed by Norrell at Oxford Wire and Cable Company in Oxford, Mississippi. King was compensated for time actually spent working at Oxford Wire, and Norrell then added its $2.40 hourly fee to the hourly rate paid by Oxford Wire. Norrell did not tell King what route to travel from her home in Batesville to Oxford Wire. Neither Norrell nor Oxford Wire paid for her transportation to and from her home in Batesville and the plant in Oxford.
¶ 3. On November 18, 1996, King was in a motor vehicle accident on her way home after leaving Oxford Wire. She was employed at Oxford Wire for a total of four weeks and one day before her accident occurred. King received a severe injury to her right leg and also suffered facial injuries. King's medical charges amount to more than $40,000. King was assigned a permanent medical impairment rating of 34% to the right leg, which was equated to a 15% impairment to the whole person. She was found to be temporarily totally disabled from the date of her accident, November 18, 1996, until February 9, 1998, when she was released to return to full duty.

DISCUSSION

I. THE CIRCUIT COURT ERRED IN NOT FINDING NATASHA KING WAS A TRAVELING EMPLOYEE.
¶ 4. King assigns three issues which are interrelated. We will address all of King's issues, but not in the order she presented them to this Court.
¶ 5. "There is a long-standing rule in the law of workers' compensation that, in the case of an employee having a fixed place of employment, the employee and not the employer generally assumes the hazards associated with going to and from the place of employment." Hurdle and Son v. Holloway, 749 So.2d 342 (¶ 16) (Miss.Ct.App.1999) (citations omitted). "Thus, injuries received while in transit to or from the job are generally not deemed a compensable injury under workers' compensation laws." Id.
¶ 6. There are of course exceptions to this rule. One such exception is for the traveling employee. "Employees whose work entails travel away from the employer's premises are held in the majority of jurisdictions to be within the course of their employment continuously during the trip, except when a distinct departure on a personal errand is shown." Smith & Johnson, Inc. v. Eubanks, 374 So.2d 235, 237 (Miss.1979) (citation omitted). A traveling employee is one who goes on a trip to further the business interests of their employer such as a traveling salesman or a person attending a business conference for the benefit of his employer. Bryan Bros. Packing Co. v. Dependents of Murrah, 234 Miss. 494, 500, 106 So.2d 675, 677 (1958). A traveling employee is an employee for whom travel is an integral part of their job. The traveling employee differs from the ordinary commuter, and by virtue of their employment are exposed to greater risks than those encountered by the traveling populace. Therefore, a traveling employee's travel is deemed a work-related risk. King's work for Norrell and Oxford Wire, by its very nature, does not fit into the above mentioned definitions of a traveling employee. She was not a traveling salesperson nor was she attending a business *695 conference away from the employer's business.
¶ 7. King argues that she had no fixed site of employment; therefore, she should be considered a traveling employee. We find this argument unpersuasive as the focus should be on whether her duties began only after arriving at a specific and identifiable work place designated by Norrell. The focus should remain the same even though she may have been reassigned to a different work place monthly, weekly, or even daily.
¶ 8. The evidence showed that King had no duties to perform away from Oxford Wire. Her workday began and ended at Oxford Wire. Accordingly, although work at Oxford Wire had limited duration, it was a fixed work site within the meaning of the "going and coming" rule. The circuit court was correct in finding King was not a traveling employee.

II. THE CIRCUIT COURT ERRED IN FINDING THE "GOING AND COMING" RULE APPLICABLE.
¶ 9. As stated above, there are exceptions to the well-settled "rule that the hazards encountered by employees while going to or returning from their regular place of work and off the employer's premises are not incident to their employment, and accidents arising therefrom are not compensable." V. Dunn, MISSISSIPPI WORKERS' COMPENSATION 213, § 175 (3d ed.1982). See also Miller Transporters, Inc. v. Dependents of Seay, 350 So.2d 689, 691 (Miss. 1977); Hurdle and Son, 749 So.2d at (¶ 16). The Mississippi Supreme Court has enumerated six exceptions to the non-compensability of going and coming to the workplace. Wallace v. Copiah County Lumber Co., 223 Miss. 90, 99, 77 So.2d 316, 318 (1955). These exceptions are as follows:
(1) where the employer furnishes the means of transportation, or remunerates the employee; or (2) where the employee performs some duty in connection with his employment at home; or (3) where the employee is injured by some hazard or danger which is inherent in the conditions along the route necessarily used by the employee; or (4) where the employer furnishes a hazardous route or (5) where the injury results from a hazardous parking lot furnished by the employer; or (6) where the place of injury, although owned by one other than the employer, is in such close proximity to the premises owned by the employer as to be, in effect, a part of such premises.
Id.
¶ 10. King's employment fits none of the exceptions above. She was not reimbursed for travel expenses; she did not perform any duty for either employer at home; she was not injured by some special hazard inherent in the conditions along the route she used; she was not required to take a prescribed route; and she was not injured on either premises or in close proximity to the premises of either employer. Since King's employment fits none of the above quoted exceptions, the circuit court was correct in finding as such.

III. THE CIRCUIT COURT ERRED IN FINDING THE "GOING AND COMING" RULE APPLICABLE AS SHE WAS A TRAVELING TEMPORARY WORKER AND TRAVEL IS A SUBSTANTIAL PART OF THE SERVICE BEING PROVIDED.
¶ 11. This issue is the main thrust of King's argument. She asserts that a special exception should be made by this Court for a claimant who works for a temporary agency and has no fixed place of employment, essentially that the nature of Norrell's business, and the manner in *696 which it is conducted, distinguishes her case from those in which the "going and coming" rule traditionally has been applied.
¶ 12. The issue here is whether King's going and coming from Oxford Wire involved an incidental benefit to Norrell not common to commute trips made by ordinary members of the work force so as to take it out of the "going and coming" rule. King cites the learned treatise, 1 ARTHUR LARSON, LARSON'S WORKERS' COMPENSATION LAW § 14.03, at 14-3 (1999), to support her theory that an exception should be made to the "going and coming" rule for a claimant who works for a temporary agency and has no fixed place of employment. In section 14.03, Professor Larson discussed the application of the "journey-as-part-ofservice" principle to the business of providing temporary labor. He referred to a 1974 Louisiana case, Jackson v. Long, 289 So.2d 205 (La.Ct.App.1974). In Jackson, the employer operated a temporary agency which furnished customers with temporary labor for a fee. Id. at 206. Employees were not required to accept assignments and the employer did not furnish transportation or pay the worker either travel expenses or wages for the time spent traveling. Id. The employer assigned Long to fill one of two positions as a cook for a utility company. Id. Jackson heard of this opportunity and went to the employer's office, where he accepted the second assignment. Id. at 206-07. The employer's dispatcher advised Jackson to ride with Long, since it was difficult to obtain public transportation to the job site, due to the hazardous conditions on the highway in the wake of hurricane Camille. Id. at 207. While en route, Jackson and Long were involved in an automobile accident, and Jackson sustained injuries. Id.
¶ 13. The Jackson case is different from King's situation. King was returning from Oxford Wire to her home after working hours, as she had done for more than four weeks. King was not traveling between two places of employment, she had not just been dispatched from Norrell's office to an out-of-town campsite where she would be staying for several days or weeks nor was she on a special assignment where she had to ride in the vehicle of another employee, at the request of the employer, because of hazardous travel conditions.
¶ 14. King has failed to convince this Court that the "going and coming" rule should not apply to her case. Her commute home was not a substantial part of the service performed for Norrell. The travel from Oxford Wire was not an integral part of her job. This is not a case where the employee has as part of her job the duty to return to the job site to perform a task which consumes relatively little time. The only distinction between this case and the usual case applying the "going and coming" rule lies in the fact that King may have had to report to a different location each day that she worked.
¶ 15. Another factor which does not weigh in King's favor is the fact that the accident occurred at the end of the day, after her fixed working hours, and she was not entitled to pay after she left Oxford Wire. From this we can reasonably conclude that King's travel was not an integral part of the service for which King was employed.
¶ 16. We agree with King that the unique nature of Norrell's business might have required King to report to various locations for work. Nonetheless, we do not see how Norrell, in contrast to any other employer, derived a special advantage from King's going and coming to Oxford Wire. This decision is limited to the facts in this case. Naturally, each case must stand on its own facts and these facts *697 fail to convince us that compensation was required.
¶ 17. THE JUDGMENT OF THE CIRCUIT COURT OF PANOLA COUNTY IS AFFIRMED. ALL COSTS OF THIS APPEAL ARE ASSESSED TO THE APPELLANT.
McMILLIN, C.J., KING AND SOUTHWICK, P.JJ., BRIDGES, IRVING, MOORE, PAYNE, AND THOMAS, JJ., CONCUR. MYERS, J., NOT PARTICIPATING.