925 So.2d 893 (2005)
Chris DUKE, on Behalf of Laura J. Fuller DUKE, Deceased, Appellant
v.
PARKER HANNIFIN CORPORATION, Employer and Underwriters Safety & Claims, Inc., Appellees.
No. 2004-WC-01952-COA.
Court of Appeals of Mississippi.
November 22, 2005.
Rehearing Denied March 21, 2006.
*894 Kenneth H. Coghlan, attorney for appellant.
B. Humphreys Mcgee, III, Marjorie T. O'Donnell, Oxford, attorneys for appellees.
Before LEE, P.J., GRIFFIS, and ISHEE, JJ.
ISHEE, J., for the Court.
¶ 1. Chris Duke (Duke) appeals the decision of the circuit court which affirmed the Workers' Compensation Commission's denial of a claim for a death benefit under the Mississippi Workers' Compensation Act. Finding error, we reverse and remand with instructions to send the cause back to the Mississippi Workers' Compensation Commission for a determination of benefits.

STATEMENT OF FACTS
¶ 2. At approximately 7:00 a.m. on April 3, 2001, Laura Duke (decedent) arrived for work at her employer, Parker Hannifin Corporation (Parker Hannifin). The decedent held a salaried position as the Manufacturing Information Systems (MIS) Manager. The decedent was specifically responsible for all the communications, including the computer systems, networks, telephone systems, fax machines, and copy machines at Parker Hannifin's plant.
¶ 3. Shortly after the decedent arrived at work that morning, she was notified that the plant was being evacuated due to a fire caused by a leaking hydrogen storage tank. The decedent was instructed to leave the immediate area and to call her supervisor later that morning for further instructions as to when to return to the facility. While hourly workers were released for the day due to the emergency, salaried workers, including the decedent, were not released from work.
¶ 4. After being notified of the evacuation, the decedent entered the facility to put a message on the voice mail system informing callers of the plant closure. No one at the facility requested that the decedent change the message on the voice mail system. The decedent then drove to Roger Smith's home office, which was approximately five miles from the plant. *895 Smith was an independent contractor who occasionally provided computer consulting services to Parker Hannifin. The administrative law judge at the Workers' Compensation Commission determined that it was unclear from the record as to the specific reason the decedent chose to travel to Smith's home office during the evacuation. Although there was some indication that Smith performed some work on the decedent's lap top computer while at Smith's home office, the administrative law judge concluded that the work was incidental to the fact that the decedent chose to go to Smith's home office.
¶ 5. At approximately 9:30 a.m., the decedent spoke by telephone with a plant manager who informed her that she was to return to the plant. The decedent left Smith's home, but was involved in a fatal, one vehicle accident, and was pronounced dead at the scene at 9:42 a.m. The accident report reflects that the decedent lost control of her vehicle in a rainstorm, and as a result, her vehicle left the highway and struck a tree.
¶ 6. In September 2001, Duke filed a petition to controvert alleging that the decedent's death was compensable and that he was entitled to death benefits pursuant to the Mississippi Workers' Compensation Act. A hearing was conducted, and in March 2003, the administrative law judge determined that the decedent's death was not compensable. On October 20, 2003, the Commission adopted the administrative law judge's findings of fact in their entirety and affirmed the judge's order. Duke then timely filed a notice of appeal in the Circuit Court of the Second Judicial District of Panola County on October 28, 2003.
¶ 7. In June 2004, Parker Hannifin filed a motion to dismiss for failure to prosecute. Parker Hannifin argued that the claim should be dismissed because Duke had failed to file a brief within forty days of filing a notice of appeal as required by M.R.A.P. 31(d). Duke answered that a brief had not been filed due to a misunderstanding on the part of the parties' respective attorneys that the matter would not be heard until settlement negotiations were exhausted. Duke argued that dismissal was at the court's discretion and that the cause should not be dismissed as Parker Hannifin had suffered no prejudice as a result of the delay.
¶ 8. The circuit court subsequently denied Parker Hannifin's motion to dismiss. In September 2004, the circuit court ruled that the Commission's findings and final order were supported by substantial evidence. The circuit court affirmed the Commission's order denying compensation under the Worker's Compensation Act. Aggrieved, Duke appeals to this Court arguing that the circuit court erred in affirming the Commission's order.

DISCUSSION
¶ 9. Duke maintains that the circuit court erroneously affirmed the Commission's order denying benefits under the Workers' Compensation Act. Duke asserts that the decedent was unquestionably covered by the Workers' Compensation Act at the time of her death. Duke maintains that the following facts support a finding of compensability: the decedent arrived at work the morning of her death, and although she was told to evacuate, she was not released from work; the decedent was empowered to perform her duties as MIS manager in her own way, including the authority to travel to Smith's home office at her discretion; the decedent traveled to Smith's home office for the purpose of downloading a computer program to the Parker Hannifin-owned computer.
¶ 10. Duke asserts that the decedent was within the period of her employment, *896 at a place where she would reasonably be in the performance of her duties, while fulfilling her duties, and furthering the business of her employer. See Jefferson v. T.L. James & Co., 420 F.2d 322, 324 (5th Cir.1969). Furthermore, Duke argues that the decedent's death qualifies for compensation under the emergency exception for safeguarding an employer's property. See Miller Transporters, Inc. v. Seay's Dependents, 350 So.2d 689, 691 (Miss. 1977). In support of this position, Duke argues that the decedent was killed while returning to the facility with the Parker Hannifin-owned computer backup tapes, laptop computer, and a fireproof safe. Duke asserts that the data contained on the backup tapes was vital to Parker Hannifin's operations and Parker Hannifin had a great deal of interest in their safety. Duke maintains that the claim should have been paid because injuries sustained by an employee in an attempt to save an employer's property arises out of and in the course of employment. See Ingram's Dependents v. Hyster Sales & Serv., Inc., 231 So.2d 500, 503 (Miss.1970).
¶ 11. The appellate court's function when reviewing an appeal from a Commission ruling is to determine "whether there exists a quantum of credible evidence which supports the decision of the Commission." Hale v. Ruleville Health Care Ctr., 687 So.2d 1221, 1224 (Miss. 1997). This Court's scope of review is limited to a determination of whether the decision of the Commission is supported by substantial evidence. Westmoreland v. Landmark Furniture, Inc., 752 So.2d 444, 447(¶ 7) (Miss.Ct.App.1999). The Commission sits as the ultimate finder of facts in deciding compensation cases; therefore, its findings are subject to normal, deferential standards upon review. Natchez Equip. Co. v. Gibbs, 623 So.2d 270, 273 (Miss.1993). We will only reverse the Commission's rulings where issues of fact are unsupported by substantial evidence, matters of law are clearly erroneous, or the decision was arbitrary and capricious. Westmoreland, 752 So.2d at 448(¶ 8); Hale, 687 So.2d at 1225.
¶ 12. We note that the Commission concluded, based on the record facts, that the decedent did not fit any of the exceptions to the so-called "going and coming rule." The Mississippi Supreme Court has expressed the general "going and coming" rule as follows: "hazards encountered by employees while going to or returning from their regular place of work and off the employer's premises are not incident to employment and accidents arising therefrom are not compensable." Miller Transporters, Inc., 350 So.2d at 691. The Mississippi Supreme Court, however, has established the following specific exceptions to the general "going and coming rule":
(1) where the employer furnishes the means of transportation, or remunerates the employee; or (2) where the employee performs some duty in connection with his employment at home; or (3) where the employee is injured by some hazard or danger which is inherent in the conditions along the route necessarily used by the employee; or (4) where the employer furnishes a hazardous route; or (5) where the injury results from a hazardous parking lot furnished by the employer; or (6) where the place of injury, although owned by one other than the employer, is in such close proximity to the premises owned by the employer as to be, in effect, a part of such premises; or (7) when the employee is on a special mission or errand for his employer, or where the employee is accommodating his employer in an emergency situation.
*897 Wallace v. Copiah County Lumber Co., 223 Miss. 90, 98-99, 77 So.2d 316, 317-18 (1955); Miller Transporters, 350 So.2d at 691. Finally, we emphasize that the Mississippi Supreme Court has placed the burden of proof on the employee when he asserts that an exception applies. Id.
¶ 13. The Commission determined that the decedent did not satisfy any of the aforementioned exceptions based on the following record facts: the decedent was driving her own vehicle, and Parker Hannifin did not provide transportation for her to and from work neither on the day of her death, nor on any other date; Parker Hannifin did not compensate the decedent for her transportation expenses related to work; the accident did not occur on Parker Hannifin's premises; although the decedent was killed in a rainstorm, her death was not due to any hazard or condition inherently dangerous to the interstate highway; Parker Hannifin did not furnish a dangerous route to the decedent; it was the decedent's decision as to where to go during the evacuation and which route to travel; the decedent's death occurred neither in the Parker Hannifin's parking lot, nor in close proximity to the Parker Hannifin's facility. Finally, addressing exception (8) above, the Commission found that when the facility was evacuated, Parker Hannifin was accommodating the decedent. Parker Hannifin accommodated all of its employees by closing the facility and losing production time to ensure their employees' safety. Furthermore, the Commission was not persuaded by Duke's argument that the decedent was on a special mission from Parker Hannifin. The Commission found that, although there was proof that Smith performed some work on the decedent's computer, the work was merely incidental to the decedent's presence at Smith's home and was not performed at Parker Hannifin's direction.
¶ 14. Based on a thorough review of the record, we find that the evidence does not support the Commission's finding. At the accident scene, it was discovered that the decedent had been in possession of some computer backup tapes and a laptop computer. Mark Huelse, formerly the decedent's direct supervisor, testified that the decedent was responsible for backing up Parker Hannifin's computers and that how she performed that duty was left to her discretion. Huelse further testified that, on a prior occasion, he instructed the decedent to "obtain all of the vital information that she could," including the tapes and the laptop computer, in the event of a plant evacuation. James Thompson, who instructed the decedent to evacuate, testified that the decedent was not released from work. Moreover, the computer program downloaded at Smith's home office was downloaded to a company-owned laptop.
¶ 15. Duke asserts that these facts demonstrate that the decedent was on a special mission or errand for Parker Hannifin at the time of her death. We agree. The record supports the conclusion that the decedent was within the period of her employment, at a place where she would reasonably be in the performance of her duties, while fulfilling her duties, and furthering the business of her employer. See Jefferson, 420 F.2d at 324. Moreover, even though it was not established that the decedent took the backup tapes from the plant on the morning in question, it is clear that she was in possession of those tapes and the computer when the accident occurred. It is further clear from the record that the decedent was not released from work and that she was responsible for safeguarding the information on the tapes and the computer. It is the long-standing rule of this Court that doubtful cases must be resolved in favor of compensation, so as to fulfill the beneficent purposes of the *898 statute. Marshall Durbin Companies v. Warren, 633 So.2d 1006, 1010 (Miss.1994). Therefore, we find that there was not substantial evidence to support the Commission's conclusion that the tragic circumstances surrounding the decedent's death did not fit any of the exceptions to the "going and coming" rule. Consequently, we reverse the judgment of the circuit court and remand with instructions to send the cause back to the Mississippi Worker's Compensation Commission for a determination of benefits.
¶ 16. THE JUDGMENT OF THE CIRCUIT COURT OF THE SECOND JUDICIAL DISTRICT OF PANOLA COUNTY IS REVERSED AND REMANDED WITH INSTRUCTIONS TO SEND THE CAUSE BACK TO THE MISSISSIPPI WORKERS' COMPENSATION COMMISSION FOR A DETERMINATION OF BENEFITS. ALL COSTS OF THIS APPEAL ARE ASSESSED TO THE APPELLEE.
KING, C.J., LEE AND MYERS, P.JJ., BRIDGES, IRVING, CHANDLER, GRIFFIS AND BARNES, JJ., CONCUR.