JAMES, J.,
dissenting:
¶ 17. Because I would find that the full Commission erred in its decision when it reversed the order of the administrative judge, I respectfully dissent. I would also find that this decision was not supported by substantial evidence and was based on an erroneous interpretation of the law.
¶ 18. The record shows that Bennett, within one year, had undergone seven surgical procedures after his accident. Bennett, through counsel, detailed his injuries in his petition to controvert. In his petition he stated that he sustained injuries to his left lower and upper extremities, chest, head, and body as a whole, consisting of multiple fractures, facial disfigurement, and damage to his vision. All of Bennett’s claims for payment were denied. The record supports a finding that Bennett was in the course and scope of his employment at the time of the accident, and that he was a traveling employee. Bennett had informed his superior that he would have to swap his motorcycle for a closed vehicle if it were to rain. Bennett had concluded his lunch when he proceeded to go home to swap his vehicle for business purposes since it was about to rain. The testimony was uncontradicted that Bennett had to drive to Canton after lunch to work in the employer’s satellite office. He was carrying computer equipment in a non-waterproof motorcycle bag when the accident occurred. The administrative judge found by a preponderance of evidence that Bennett was furthering a business purpose at the time of the accident.
¶ 19. Bennett testified that it would not have been fan- to his employer to charge mileage for the full trip, which included a trip to his house to swap vehicles, but mileage between the two job sites was compensable. The fact that Bennett did not intend to charge for a small portion of the trip that was necessary to protect the computer equipment did not change the nature of the trip. The important thing to notice is that there was no abandonment of his employer’s business simply because he wanted to protect his employer’s equipment. The trip home to make sure that the equipment was protected was also related to and in the furtherance of his employer’s business. “Worker’s [cjompensation claims, and the laws that govern them, are to be construed broadly and liberally in favor of the claimant.” Miss. Transp. Comm’n v. Dewease, 691 So.2d 1007, 1016 (Miss.1997). Doubtful cases must be resolved in favor of compensation. Duke ex rel. Duke v. Parker Hannifin Corp., 925 So.2d 893, 897 (¶ 15) (Miss.Ct.App.2005).
*779 ¶ 20. The order of the full Commission finding that Bennett’s decision to drive home to swap vehicles was a personal errand constitutes reversible error. I would therefore reverse and render the ruling of the full Commission and reinstate the order of the administrative judge.
LEE, C.J., JOINS THIS OPINION.