COLLUMS *v.* CALEDONIA MANUFACTURING CO.

No. 41288 November 23, 1959 115 So. 2d 672

*Richard H. Carlisle,* Columbus, for appellant.

*Wm. J. Threadgill,* Columbus, for appellees.

ETHRIDGE, J.

Appellant, Mrs. Annie Collums, worked as a seamstress for the Caledonia Manufacturing Company of Caledonia, Mississippi. During the regular mid-morning break for the employees, on December 21, 1956, she purchased a soft drink from a vending machine kept on the employer's premises for the convenience and refreshment of its personnel. It was customary for her and other employees to obtain such drinks during recess

periods. The profits from the machine were used for employee parties. Claimant took a small swallow, set the bottle in the window, and went to the rest room. Returning, she started to take another drink and noticed a foreign substance in the bottle. It was later determined to be a piece of a mouse. She became quite sick at the stomach and extremely nervous. She notified the floor supervisor of her illness. Claimant said she was pretty upset, but she continued working for the rest of the day. That afternoon the employees had a Christmas party, which claimant attended and at which she ate some candy. That night a doctor prescribed for her some medicine. The plant was closed for Christmas. Following the Christmas holiday, claimant did not return to work until January 3, 1957. She worked two days the week ending January 4; five days, a full week, during the week ending January 11; three days for the week ending January 18; five days, the week ending January 25; four days, the week ending February 1; and two and one-half days, the week ending February 8, 1957. She has not returned to work since then.

On June 27, 1957, Mrs. Collums filed a claim for workmen's compensation against the employer and insurance carrier, appellees, for disabilities allegedly resulting from the incident of December 21, 1956. The attorney-referee found that claimant became ill after drinking a contaminated soft drink, and this incident arose out of and in the course of her employment. As a result of the injury, she was temporarily and totally disabled, from December 22, 1956, to January 3, 1957. The attorney-referee also found that claimant returned to work on January 3, 1957, and "thereafter sustained no residual or permanent disability on account of the said incident." So the award was of temporary total disability benefits from December 22, 1956, through January 2, 1957, and medical expenses incurred during that period. Claimant was denied further compensation

benefits. The Workmen's Compensation Commission held to the same effect, and the circuit court affirmed that order, stating that the medical testimony was conflicting, and there was substantial evidence to support the Commission. From that judgment, claimant appealed.

 █ Appellees, employer and carrier, have taken a cross-appeal from the award of any compensation to appellant. They contend that the injury was not compensable, because drinking the soft drink during a recess period was not a necessity of or even reasonably incident to her employment. However, a personal comfort activity of an employee should be compensable if it is reasonably incident to the employment, although not a necessity of it. 1 Larson, Workmen's Compensation Law, Section 2130, pp. 306-308, considers this question: "Getting a drink of water does not interrupt the course of employment, and injuries in the process, such as falling from a truck, or precipitating heat stroke, or drinking muriatic acid by mistake for water, are compensable.

"But when a workman, indulging in the 'pause that refreshes,' was injured by the explosion of a Cola bottle which he was attempting to open, the employer advanced the argument that there is a distinction between drinking water which is furnished by the employer in recognition of the absolute necessity of quenching thirst, and drinking Cola which the employees have arranged to have available for their own pleasure and refreshment. Once more the central issue is pointed up: must the personal comfort activity be a necessity, or is it enough that it is an incident of the employment? The decision, affirming an award, is in line with the modern view that the refreshing activity need not be strictly necessary if it is reasonably incidental to the employment. What is reasonably incidental depends both on the practices permitted in the particular plant, which here included the maintenance of the box of Cola with ice fur-

nished by the employer, and on the customs of the employment environment generally." To the same effect are 99 C.J.S., Workmen's Compensation, Section 220 c, pp. 724-725; 38 Am. Jur., Workmen's Compensation, Section 228.

■■ The great weight of authority is in support of the compensability of injuries resulting from a personal comfort activity of an employee, which is reasonably incidental to the employment, although not a necessity of it. Hence whatever injuries appellant sustained from the accident are compensable under the act.

■■ With reference to the direct appeal, there was substantial evidence to support the finding of the Commission that claimant suffered no residual disability after January 2, 1957, on account of the drinking of the beverage. The testimony of Drs. Frank J. Baird and H. H. McClannahan, Jr., and other evidence as to claimant's condition before and after the accident, as well as the nature of the incident itself, amply warranted the Commission in denying any other disability benefits. Mrs. Collum's medical testimony conflicted with that accepted by the Commission. The case does not fall within the purview of those cases in which the claimant's medical evidence was undisputed, such as M. T. Reed Construction Company v. Martin, 215 Miss. 472, 61 So. 2d 300 (1952), Masonite Corporation v. Fields, 229 Miss. 524, 91 So. 2d 282 (1956), and A. DeWeese Lbr. Company v. Poole, 231 Miss. 83, 94 So. 2d 791 (1957).

Affirmed on direct and cross-appeals.

*McGehee, C. J.,* and *Hall, Holmes* and *Gillespie, JJ.,* concur.