ISHEE, J.,
for the Court.
¶ 1. On June 28, 2004, Dr. Mary Ellen Bouldin filed a petition to controvert with the Mississippi Workers’ Compensation Commission alleging that she received a work-related injury in Sumner, Mississippi. Dr. Bouldin sustained injuries when a vehicle accidentally struck her as she crossed the street returning to her office during a lunch break. The severity of her injuries rendered her incapable of returning to work. After hearing the case, an administrative law judge held that Dr. Bouldin’S injuries did not arise out of and in the course of her employment with the Mississippi Department of Health (MDH); and therefore, she was not entitled to workers’ compensation benefits. The administrative law judge’s decision was affirmed by both the full Commission and the Circuit Court of Tallahatchie County. Dr. Bouldin appeals, asserting that the trial court erred by not reversing the decision of the administrative law judge. In doing so, she contends that her injuries did arise out of and in the course of her employment under three theories: (1) the “traveling employee” rule, (2), the “personal comfort” doctrine, and (3) the “threshold” doctrine. Finding no error, we affirm.
FACTS AND PROCEDURAL HISTORY
¶ 2. Dr. Bouldin was employed by the MDH as a physician senior. As part of her employment, she provided physician services for Coahoma County, Quitman County, Panola County, Tunica County, and Tallahatchie County. Although Dr. Bouldin resided in Clarksdale, she was required to routinely report to the health departments in those counties for which she serviced. She worked a set weekly and monthly schedule, rotating between the various county health departments and *894 working at a particular county health department on a specific day. When Dr. Bouldin was required to report to one of the county health departments outside of Clarksdale, pursuant to her work schedule, she was reimbursed for her mileage.
¶3. Dr. Bouldin’s hours of work were 8:00 a.m. to 5:00 p.m. daily. She was paid a monthly gross salary that was based on an eight-hour work day and forty-hour work week. Her eight-hour work day included her travel time from Clarksdale to and from the other health departments she worked on a given date. As a matter of right, Dr. Bouldin was entitled to a one-hour lunch break, which was usually taken after all of the patients had been seen and for which she was not paid. She was allowed to leave the department’s premises for her lunch break.
¶4. On July 3, 2002, Dr. Bouldin was working at the Tallahatchie County Health Department in Sumner. On the day in question, the health department’s staff broke late for lunch due to a high patient load. Rather than eat lunch at the health department during her break, Dr. Bouldin decided to take a walk around the town. According to Dr. Bouldin’s co-workers, this was a habitual practice of Dr. Bouldin. Dr. Bouldin left the health department’s premises around 1:00 p.m. She left out of the northwest side of the building and traveled down a well-worn footpath that led her to a public street. At approximately 1:49 p.m., while still on her lunch break, Dr. Bouldin attempted to cross a public street that was approximately forty yards north of the health department’s premises. While crossing the street, Dr. Bouldin was inexplicably struck by an oncoming automobile, severely injuring her. Dr. Bouldin has remained permanently and totally disabled since the date of the accident. The MDH has paid no workers’ compensation benefits.
¶ 5. On June 25, 2005, Dr. Bouldin filed a petition to controvert with the Mississippi Workers’ Compensation Commission, alleging that she had been injured in the course and scope of her employment with the MDH. The petition was answered by the MDH. After discovery was conducted, a hearing was held before an administrative law judge.
¶ 6. By order entered on August 31, 2006, the administrative law judge found that Dr. Bouldin’s injuries did not occur while she was in the course and scope of her employment. Dr. Bouldin appealed that order to the full Commission, which affirmed the administrative law judge’s decision. Dr. Bouldin then appealed to the Circuit Court of Tallahatchie County, which, in turn, affirmed the decision of the full Commission. Subsequently, Dr. Boul-din filed this appeal.
STANDARD OF REVIEW
¶ 7. The Commission is the finder of fact, and this Court will defer to the findings of the Workers’ Compensation Commission when those findings are supported by substantial evidence. Jones v. S. Healthcare Agency, 930 So.2d 1270, 1272(¶10) (Miss.Ct.App.2006). “We will only reverse the Commission’s rulings where findings of fact are unsupported by substantial evidence, matters of law are clearly erroneous, or the decision was arbitrary and capricious.” Levi Strauss & Co. v. Studaway, 930 So.2d 481, 484(¶ 10) (Miss.Ct.App.2006) (citing Westmoreland v. Landmark Furniture, Inc., 752 So.2d 444, 448(118) (Miss.Ct.App.1999)).
ANALYSIS
Whether Dr. Bouldin’s injuries arose out of and in the course of her employment with the Mississippi Department of Health.
¶ 8. As previously stated, Dr. Bouldin asserts three theories of recovery: (1) the *895 “traveling employee” rule, (2) the “personal comfort” doctrine, and (3) the “threshold” doctrine. After our careful review of the record, we find that Dr. Bouldin’s argument fails under all three theories.
¶ 9. Mississippi’s workers’ compensation statutes compensate injuries “arising out of and in the course of employment without regard to fault which results from an untoward event or events, if contributed to or aggravated or accelerated by the employment in a significant manner.” Miss.Code Ann. § 71 — 3—3(b) (Rev.2000). The term “arising out of employment” means there is a causal connection between the employment and the injury. Singley v. Smith, 844 So.2d 448, 453(¶ 20) (Miss.2003). One is injured in the course of employment when an injury results from activity actuated partly by a duty to serve the employer or reasonably incident to the employment. Id. However, if an employee steps aside from the employer’s business for some purpose of his own, which is disconnected with his employment, the relation of employer and employee is temporarily suspended and regardless how short the time, and the employer is not liable for the employee’s acts during such time. Persons v. Stokes, 222 Miss. 479, 486, 76 So.2d 517, 519 (1954). It is well settled in Mississippi law that the workers’ compensation claimant bears the overall burden of proving facts prerequisite to any recovery. T.H. Mastín & Co. v. Mangum, 215 Miss. 454, 458, 61 So.2d 298, 300 (1952).
A. The “traveling employee” rule.
¶ 10. “There is a long-standing rule in the law of workers’ compensation that, in the case of an employee having a fixed place of employment, the employee and not the employer generally assumes the hazards associated with going to and from the place of employment.” Hurdle v. Holloway, 749 So.2d 342, 348(¶ 16) (Miss. Ct.App.1999). “Thus, injuries received while in transit to or from the job are generally not deemed a compensable injury under workers’ compensation laws.” Id.
¶ 11. One exception to this rule is for the traveling employee. “Employees whose work entails travel away from the employer’s premises are held in the majority of jurisdictions to be within the course of their employment continuously during the trip, except when a distinct departure on a personal errand is shown.” Smith & Johnson, Inc. v. Eubanks, 374 So.2d 235, 237 (Miss.1979) (citation omitted). A traveling employee is one who goes on a trip to further the business interests of his or her employer such as a traveling salesman or a person attending a business conference for the benefit of his employer. King v. Norrell Servs., Inc., 820 So.2d 692, 694(¶ 6) (Miss.Ct.App.2000) (citing Bryan Bros. Packing Co. v. Dependents of Murrah, 234 Miss. 494, 500, 106 So.2d 675, 677 (1958)). A traveling employee is an employee for whom travel is an integral part of their job. Id. “The traveling employee differs from the ordinary commuter, and by virtue of their employment, they are exposed to greater risks than those encountered by the traveling populace. Therefore, a traveling employee’s travel is deemed a work-related risk.” Id.
¶ 12. Dr. Bouldin argues that the court erred by holding her to be a “commuting employee” rather than a “traveling employee” for purposes of compensability. She bases her argument on the fact that her job required her to travel from her home in Clarksdale to the various health departments that she serviced, and she would not have been in Sumner on the day of the accident but for her job. Dr. Boul-din also supports her argument by submitting that she was reimbursed for her trav *896 el expenses on the basis that Sumner was a temporary work place. Therefore, she contends that because her business necessitated travel, she should be covered from the time she leaves her home until she returns.
¶ 13. We are unpersuaded by Dr. Boul-din’s argument and agree with the administrative law judge’s characterization of her as a “commuting employee” under these circumstances. Dr. Bouldin cannot be analogized to the examples of a “traveling employee,” such as a traveling salesman or a person attending a business trip. In the record, it is stipulated that Dr. Bouldin had a fixed place of business. Specifically, she worked a set weekly and monthly schedule, rotating between the county health departments of five different counties. The administrative law judge correctly notes that though Dr. Bouldin’s place of work changed according to the day of the month, it was a fixed place of employment at one of five county health departments. In determining whether an employee should be deemed a “traveling employee,” the focus should be on whether the employee’s duties began only after arriving at a specific and identifiable work place designated by the employer. King, 820 So.2d at 695(¶ 7). There is nothing in the record that suggests Dr. Bouldin’s duties commenced at the moment she left her home. Rather, she merely commuted from her home to the specific county health department that she was to report to according to her set work schedule. Further, her work duties did not begin until she arrived at these various fixed places of employment.
¶ 14. The fact that Dr. Bouldin received reimbursement for her travel does not make her a traveling employee as the term is used in workers’ compensation matters. This fact, in of itself, does not provide a sufficient causal connection between her employment and her injury. Had the accident occurred when Dr. Bouldin was traveling to or from her home to the health department, the work connection would have been obvious because of the remuneration for her travel. However, Dr. Boul-din was not injured in transit from Clarks-dale to Sumner, rather she was injured during her unpaid lunch break at her fixed workplace location for the day.
¶ 15. Even if Dr. Bouldin was to be considered a “traveling employee,” her injury would still not be compensable. As previously stated under both the general and “traveling employee” rule, if the employee engages in a personal activity or errand that constitutes an abandonment from the employer’s business, an injury occurring during the abandonment is not compensable. Eubanks, 374 So.2d at 237; Persons, 222 Miss, at 486, 76 So.2d at 519. If an employee turns aside from the employer’s business, the employee has deviated from the course of employment, unless the deviation is so slight as to be considered insubstantial.
¶ 16. The record clearly indicates that Dr. Bouldin was engaged in a personal activity or errand, and as such, she had deviated from the course of her employment at the time of the accident. It is undisputed that the accident occurred while Dr. Bouldin was crossing a public street during her lunch break. Rather than choosing to eat her lunch at the health department, Dr. Bouldin chose to leave the premises. She was not paid for her lunch break. Nothing in her job duties required her to take a walk, and she was not on a dual mission for both herself and the employer when the accident occurred. In fact, it was stipulated in the record that Dr. Bouldin was not performing any services on behalf of the MDH at the time of the accident. It is apparent to this Court that Dr. Bouldin elected to en *897 gage in a personal leisure activity during her hour off of work at the Tallahatchie County Health Department. We find there is nothing in the record that establishes a causal connection between her injury and her employment. Therefore, her injuries did not arise out of or in the course of her employment with the MDH, and likewise, they are not compensable under the workers’ compensation statute.
B. The “personal comfort” doctrine.
¶ 17. Dr. Bouldin also cites Collums v. Caledonia Mfg. Co., 237 Miss. 607, 115 So.2d 672 (1959), contending that her injury should be compensable because it occurred while she was engaged in a “personal comfort.”
¶ 18. Our supreme court has held that a personal comfort activity of an employee should be compensable if it is reasonably incident to the employment, although not a necessity of it. Collums, 237 Miss, at 611, 115 So.2d at 673. What is reasonably incidental depends both on the practices permitted in the particular plant by the employer and on the customs of the employment environment generally. Id. Examples of those personal comfort activities that are reasonably incident to the employment include: (1) brushing teeth, (2) drinking water, (3) going to the bathroom, (4) smoking a cigarette, and so forth. John R. Bradley & Linda A. Thompson, Mississippi Workers’ Compensation § 4:34 at 4-51 (2006). However, for employees with a fixed workplace, the “personal comfort” doctrine anticipates the employee being on the employer’s premises. Id.
¶ 19. As previously stated, Dr. Bouldin was not on the Tallahatchie County Health Department’s premises, but rather a public street, when her injury occurred. Further, she was not engaged in any activity generally held to be reasonably incident to employment. Therefore, the “personal comfort” doctrine is inapplicable, and Dr. Bouldin’s reliance on the doctrine to support compensability of her injuries is misplaced.
C. The “threshold” doctrine.
¶ 20. Finally, Dr. Bouldin contends that her injuries are compensable under the “threshold” doctrine. She argues that the well-worn footpath that she used to leave the health department’s premises was so closely associated to the health department building as to be considered part of the premises. She further contends that her injuries were caused by a hazard which was inherent in the conditions along the route that she used to get to and from the health department.
¶ 21. As previously stated, the hazards encountered by employees while traveling to and from work are not ordinarily incident to the employment and, therefore, generally not held to be arising out of and in the course of employment. Stepney v. Ingalls Shipbuilding Div., Litton Systems, Inc., 416 So.2d 963, 964 (Miss.1982) (citing Wallace v. Copiah County Lumber Co., 223 Miss. 90, 99, 77 So.2d 316, 318 (1955)). One exception to this rule cited by our supreme court is “where the employee is injured by some hazard or danger which is inherent in the conditions along the route necessarily used by the employee,” or where the place of injury, although owned by someone else other than the employer, “is in such close proximity to the premises owned by the employer as to be, in effect, a part of such premises.” Id.
¶ 22. In Stepney, the claimant was an employee of Ingalls Shipbuilding in Pasca-goula and entitled to a thirty-minute lunch break each day. Id. at 963. On the day of the accident, the claimant was returning from his lunch break. Id. While driving *898 along the only access road leading into the shipyard, he was involved in a two-car accident and seriously injured. Id. The accident occurred on the access road in front of Ingalls’s employment office. Id. In holding that the “threshold” doctrine exception applied in this case, our supreme court noted six factors: (1) the access road was the sole access and exit to the shipyard and place of the claimant’s employment; (2) although the street was a public road, “it was used principally by the employees of Ingalls”; (3) during shift changes and lunch breaks, thousands of Ingalls “employees exited and entered the plant by that sole access route”; (4) “the premises on each side of the road were owned and used by Ingalls”; Ingalls had erected a sign warning its employees of hazards incident to the access roads; (5) Ingalls “recognized that the intersection of the access road with the road leading to the employment office constituted a hazard”; and (6) the employee was “exposed to a greater hazard than the general public because he worked regularly each week and was required to cross the dangerous intersection on his way to and from work.” Id. at 966.
¶ 23. The facts of this case are distinguishable from those factors relied upon by the Mississippi Supreme Court in its holding in Stepney. The footpath used by Dr. Bouldin on the day of the accident was not the sole access and exit route to the Tallahatchie County Health Department. There is neither evidence that the footpath nor the public street where Dr. Bouldin was injured was principally used by the health department’s employees. The record lacks any evidence that a high volume of employees and/or patients coming to and from the health department made the access routes more dangerous by virtue of heavy traffic. Further, Dr. Bouldin has failed to show that the health department erected warning signs or even perceived a greater hazard in the use of the street or footpath by its employees. It is clear from the record before us that Dr. Bouldin’s employment with the MDH did not place her in a greater hazard on the streets of Sumner than the general walking public.
¶ 24. Consequently, we cannot say that the well-worn footpath created a hazard, and further, that it was so situated as to be considered a part of the health department’s premises. Therefore, Dr. Bouldin’s injury is not compensable under the “threshold” doctrine. The issue is without merit.
CONCLUSION
¶ 25. Dr. Bouldin has failed to meet her burden of proof to show that her injuries are compensable under any of the three theories for which she asserts. Therefore, we will defer to the findings of the Commission as they are supported by substantial evidence.
¶ 26. THE JUDGMENT OF THE CIRCUIT COURT OF TALLAHATCHIE COUNTY IS AFFIRMED. ALL COSTS OF THIS APPEAL ARE ASSESSED TO THE APPELLANT.
KING, C.J., MYERS, P.J., GRIFFIS AND CARLTON, JJ., CONCUR. CHANDLER, J., CONCURS IN PART AND IN THE RESULT WITH SEPARATE WRITTEN OPINION JOINED BY ROBERTS, J. LEE, P.J., DISSENTS WITH SEPARATE WRITTEN OPINION JOINED BY IRVING, J. BARNES, J., NOT PARTICIPATING.