GREENLEE, J.,
for the Court:
¶1. James Bennett appeals the Mississippi Workers’ Compensation Commission order reversing the administrative judge’s determination that Bennett was acting in the scope of his employment when, in anticipation of bad weather, he rode toward his house after lunch to switch from his motorcycle to his jeep before returning to his office. We find the Commission’s order to be supported by substantial evidence and therefore affirm.
FACTS AND PROCEEDINGS BELOW
¶ 2. Bennett is a salaried senior systems administrator employed by the Mississippi Department of Health. He has an office cubicle located on Woodrow Wilson Drive in Jackson, but frequently travels to separate locations to fulfill work orders. On June 12, 2012, after having lunch out, Bennett sustained serious injuries when another vehicle pulled out in front of him while he was en route to his house to switch from his motorcycle to his jeep before returning to his office.
¶ 3. Bennett filed a petition to controvert on August 21, 2012. A compensability hearing was held on May 28, 2014, on the sole question of whether Bennett was acting in the course and scope of his employment at the time of the accident. The administrative judge heard the testimony of Bennett; his supervisor at the time, William Staples; and his coworker, Larry Walker.
¶4. Senior systems analysts with the Mississippi Department of Health have the autonomy to prioritize work orders as they come in and to schedule service trips for projects that cannot be performed remotely. Bennett is entitled to use a work vehicle on a first-come, first-served basis or to be reimbursed for mileage if using a personal vehicle. Some projects require the transportation of equipment or computers, necessitating the use of an enclosed vehicle. Schedules are typically determined several days in advance, and in this case, Bennett had determined which work orders he intended to service at least a day in advance of the accident.
*776 ¶ 5. The day before the accident, Bennett mentioned to his supervisor that he might ride his motorcycle the next day if the weather was good. The morning of the accident he drove directly from his home to his first service location. He stated at the hearing that he would not have been entitled to mileage reimbursement for his trip from his morning work location to lunch. He also testified that his initial intent was to return to his office after lunch. However, in light of impending rain, he instead drove toward his house to exchange vehicles. Bennett struck another vehicle that pulled out in front of him. He sustained serious injuries that required him to spend several weeks in the hospital. The only work equipment Bennett had with him when the accident occurred was a small external hard drive and tool kit stored in his leather saddle bag.
¶ 6. The administrative judge ruled that Bennett was a traveling employee operating within the scope of his employment at the time of the accident and that his injuries were therefore compensable. The Commission reversed the holding of the administrative judge, finding that Bennett was not acting within the scope of his employment at the time of the accident because he was on a personal errand to exchange vehicles unconnected to a business purpose for his employer.
¶ 7. Bennett timely appeals.
DISCUSSION
¶ 8. This Court will defer to the findings of the Commission when those findings are supported by substantial evidence. Bouldin v. Miss. Dep’t of Health, 1 So.3d 890, 894 (¶ 7) (Miss.Ct.App.2008). “We will only reverse the Commission’s rulings where findings of fact are unsupported by substantial evidence, matters of law are clearly erroneous, or the decision was arbitrary and capricious.” Id. (citations omitted).
¶ 9. Our workers’ compensation statutes compensate for injuries “arising out of and in the course of employment without regard to fault which results from an untoward event or events, if contributed to or aggravated or accelerated by the employment in a significant manner.” Miss.Code Ann. § 71—3—3(b) (Rev.2011). But, “if an employee steps aside from the employer’s business for some purpose of his own, which is disconnected [from] his employment, the relation of employer and employee is temporarily suspended ... regardless of how short the time, and the employer is not liable for the employee’s acts during such time.” Bouldin, 1 So.3d at 895 (¶ 9). The claimant bears the overall burden of proving facts prerequisite to any recovery. Id.
I. Whether Bennett was a traveling employee.
¶ 10. Bennett argues that the administrative judge correctly classified him as a “traveling employee.” An employee with a fixed place of employment generally assumes the hazards associated with going to and from the workplace. Lane v. Hartson-Kennedy Cabinet Top Co., 981 So.2d 1063, 1067-68 (¶ 12) (Miss.Ct.App.2008). However, an exception may apply where travel is an integral part of an employee’s job. “Employees whose work entails travel away from the employer’s premises are held in the majority of jurisdictions to be within the course of their employment continuously during the trip, except when a distinct departure on a personal errand is shown.” Smith & Johnson, Inc. v. Eubanks, 374 So.2d 235, 237 (Miss.1979) (citation omitted). A traveling employee is one who goes on a trip to further the business interests of his employer, such as a. traveling salesman or a *777 person attending a business conference for the benefit of his employer. Bryan Bros. Packing Co. v. Dependents of Murrah, 234 Miss. 494, 500, 106 So.2d 675, 677 (1958).
¶ 11. In Bonldin, we declined to categorize a doctor as a “traveling employee” where the doctor rotated on a weekly or monthly basis between fixed places of employment in health departments across five counties. Bonldin, 1 So.3d at 896 (¶ 12). We affirmed the Commission’s determination that the doctor was on a personal errand and therefore did not suffer com-pensable injuries when struck by a vehicle on her lunch break off of a health clinic’s premises. Id.
¶ 12. Bennett’s position as a senior systems analyst is similar to the position of the doctor in Bonldin. Bennett has a fixed place of employment. While aspects of his work include travel to service locations and he is entitled to reimbursement for that travel, his position is not comparable to that of a truck driver or traveling salesman. Travel to lunch and his personal errand home to exchange vehicles were outside the scope of his employment. We defer to the Commission’s conclusion that, under the facts and circumstances of this case, Bennett’s detour to his home to change from his motorcycle to his jeep was a distinct departure on a personal errand. He did not need a larger vehicle to transfer equipment for an afternoon work order as evidenced by his testimony that, had it not begun to rain, he would have driven straight to his office.
II. Whether Bennett satisfies an exception to the “coming-and-going rule.”
¶ 13. Bennett argues that, even if he is analyzed as a “commuting employee,” he satisfies one of the exceptions to the “coming-and-going rule.” The exceptions to the coming-and-going rule are:
(1) where the employer furnishes the means of transportation, or remunerates the employee; or (2) where the employee performs some duty in connection with his employment at home; or (3) where the employee is injured by some hazard or danger which is inherent in the conditions along the route necessarily used by the employee; or (4) where the employer furnishes a hazardous route; or (5) where the injury results from a hazardous parking lot furnished by the employer; or (6) where the place of injury, although owned by one other than the employer, is in such close proximity to the premises owned by the employer as to be, in effect, a part of such premises; or (7) when the employee is on a special mission or errand for his employer, or where the employee is accommodating his employer in an emergency situation.
Lane, 981 So.2d at 1068-69 (¶ 15) (finding that the second exception to the coming- and-going rule was satisfied where an employer instructed a truck driver to go home to take a shower during a several-hour break in order to save the employer the expense of paying for a shower at the work site).
¶ 14. Only the first two exceptions conceivably apply to this case. As established by testimony at the hearing, while Bennett is eligible for reimbursement for mileage incurred driving from his office to a work site, or from a work site to his office, he conceded at the hearing that he would not be entitled to seek reimbursement for driving to lunch or for mileage on a personal errand between service calls. As to the second exception, while fulfilling certain work orders requires the use of an enclosed vehicle to transport equipment, substantial evidence supports the Commission’s conclusion that Bennett made a personal decision to transfer vehicles, and that *778 the trip home was not necessary to facilitate his scheduled work assignments. Bennett himself testified that his original plan was to drive straight from lunch to his office.
CONCLUSION
¶ 15. Bennett has failed to meet his burden of proof to show that his injuries are compensable. Therefore, we defer to the findings of the Commission because they are supported by substantial evidence.
¶ 16. THE JUDGMENT OF THE MISSISSIPPI WORKERS’ COMPENSATION COMMISSION IS AFFIRMED. ALL COSTS OF THIS APPEAL ARE ASSESSED TO THE APPELLANT.
IRVING AND GRIFFIS, P.JJ., BARNES, ISHEE, CARLTON, FAIR AND WILSON, JJ., CONCUR. JAMES, J., DISSENTS WITH SEPARATE WRITTEN OPINION, JOINED BY LEE, C.J.